## NICHOLS v. ANGUERA et al.

### April 13, 1839.

*Rule to show cause why the judgment should not be set aside.*

A. took and entered an amicable confession of judgment from two persons, as partners, trading under the style of a particular firm. An application made by the plaintiff to set aside the judgment, on the ground that he had subsequently discovered that there was another partner in the firm, was refused.

IN this case, (S. '37, 646,) Nichols was the plaintiff, and J. M. Anguera and Matthew Curran (trading as Anguera and Curran) were the defendants. The action was entered by agreement and the defendants confessed judgment for twenty-six hundred and fifty dollars.

The plaintiff obtained a rule to show cause why the judgment should not be set aside.

The affidavit of the plaintiff was filed, upon which the rule was granted, stating 1, that the sum of twenty-six hundred and fifty dollars was due to him; 2, that he was informed by defendants, and believed at the time of entering the above judgment, that they were the only partners of the firm of Anguera and Curran; 3, that he has since learned that William Curran was a partner, and it has come to that knowledge within two months; 4, that by reason of his ignorance, and the representations aforementioned, the suit was instituted against the two only; 5, that William Curran is a partner, and that he will so be able to prove at the trial; and the plaintiff prayed the court to set aside the above judgment in order that he might be able to bring suit against all parties.

Since the taking of the rule, the plaintiff was tendered for cross-examination to defendants' counsel, and refused.

*S. G. T. Campbell,* for the rule.
*J. A. Phillips,* contra.

Per Curiam.—The cause of action was joint against the partners whoever they were. If it be true, as averred by plaintiff,

[Nichols v. Anguera et al.]

that Curran was a partner, whether dormant or otherwise, the taking of the confession of the judgment from the two copartners is an absolute discharge of Curran, which we have no right to nullify. Without the consent of all parties, we have no right to interfere.[a]

Rule discharged.

[a] See Smith v. Black, 9 *S. & R.* 142; Lewis v. Williams, 6 *Whart. R.* 264.