# Welsh *against* Speakman.

The existence of a partnership may be proved by the separate admissions of all who are sued, or by the acts, declarations, and conduct of the parties, the act of one, the declarations of another, and the acknowledgment or conduct (when the firm consists of three persons) of the third.

It cannot be proved by the act of one only, if the plaintiff fails as to the rest, but the whole testimony taken together may show it, if each and every one is connected together by their own admissions or acknowledgments.

To effect this the plaintiff has a right to prove one thing at a time, to add fact to fact, from which the jury may infer the partnership.

*Held*, therefore, that where the plaintiff showed a store existing, packages sent there marked W. S. & Son, that W. S. was frequently there so as to be likely to see the goods so marked, and other grounds for inferring partnership :

1. The plaintiff might give in evidence as against the son the admissions of the son that he was a partner, and proof that bills of goods furnished for the store were rendered in the name of both.

2. It made no difference that the father being dead and the son insolvent, the suit was against the executors of the father.

3. The day-book, ledger, and books of account of the defendant were evidence.

4. And if the court has first rejected evidence of books, but afterwards admits them, the proper course is for the party who offered it, if a witness who was to give explanatory evidence has since been discharged, to move to dismiss the jury or for a postponement of the case; he cannot go on and take the chance of a verdict and then assign the rejection as error.

5. The defendants might show the course and manner of doing business at the store before the controversy—as that the sign was in the name of the son—that the bills were made out in his name, and that suits were brought before a justice in his name.

6. The defendants might show that the son procured an insurance against fire on goods in the store in the name of the firm, and that a fire having taken place, it was settled by compromise after suit brought, and the son recovered the money.

ERROR to the Common Pleas of *Chester* county, where a judgment was rendered for the defendants below, the defendants in error.

This was an action of *assumpsit*, brought by Welsh, Longenecker & Co. against the executors of William Speakman, Senior, deceased, for goods sold and delivered to the testator and William Speakman, Junior, trading under the firm of William Speakman & Son.

The declaration averred the insolvency of William Speakman, Jun. The defendants pleaded the general issue. The main question, on the trial, was whether William Speakman, Sen., was connected in partnership with his son, William Speakman, Jun., as the plaintiffs alleged he was, in a store at Edgmont, Delaware county. The following bills of exception were taken by the plaintiffs during the course of the trial.

A witness for the plaintiffs having stated that in the spring of

[Welsh v. Speakman.]

1840, he, as clerk to Welsh, Cameron & Co., sold goods to William Speakman, Sen., and his son, both being present, on the credit of William Speakman & Son, though marked for William Speakman, Jun., the plaintiffs asked him: "Would you, or not, have sold the bill of goods on the credit of William Speakman, Jun., alone?" The defendants objected; the court sustained the objection and sealed a bill of exception.

2. A witness for the plaintiffs proved that he attended the Edgmont store for Mr Speakman, from March 1840 to December 1842, and most of the goods that came there were marked William Speakman & Son. The plaintiffs then asked him: "How were the bills made out?" The defendants objected to the question; the court overruled it and the plaintiffs excepted.

3. The plaintiffs offered the bills of various merchants in Philadelphia for goods purchased during the years 1840 and 1841, charged to William Speakman & Son, and receipts therefor. The defendants objected, the court overruled the evidence, and sealed a bill of exceptions.

4. The plaintiffs then offered in evidence the books of account kept in the store at Edgmont. The defendants objected, the court sustained the objection, and sealed a bill of exceptions. The court subsequently said they had probably fallen into an error in overruling this evidence, and permitted the plaintiffs to give it; which the plaintiffs declined, on the ground that they had designed to give it in connection with explanatory testimony which was not now at hand.

5. The plaintiffs offered three promissory notes dated in August 1842, drawn by William Speakman & Son in favour of John Trucks or order. The defendants objected, the court sustained the objection, and sealed a bill of exceptions.

6, 7, 8. After various other testimony had intervened, the plaintiffs again offered separately the same bills of goods mentioned in the 3d exception. The court again rejected them, and on the objection of the defendants, sealed a bill of exceptions.

9. The plaintiffs offered the day-book of William Speakman & Son, kept at Edgmont. The defendants objected, the court overruled the evidence, and the plaintiffs excepted.

10. The plaintiffs offered in evidence the ledger of William Speakman & Son, kept in the store at Edgmont. The defendants objected, the court sustained the objection, and the plaintiffs excepted.

11. The defendants called a witness, who stated that he dealt with the store at Edgmont, and produced three bills furnished him, made out in William Speakman, Jun.'s handwriting and in his name, dated in 1842 and 1843, for goods sold in 1842. The defendants then asked him as follows: "Look at these bills, state the date of them, in whose name made out, and the amount."

[Welsh v. Speakman.]

The plaintiffs objected, the court overruled the objection, and the plaintiffs excepted.

12. A justice of the peace proved in behalf of the defendants that suits were instituted before him to recover accounts due Edgmont store, brought to him by William Speakman, Jun. The defendants then asked him whether he brought suits in the name of William Speakman, Jun. The plaintiffs objected; the court, after the witness had stated on a question by them, that the bills were in the name of William Speakman, Jun., overruled the objection, and the plaintiffs excepted.

13. A witness for the defendants, having stated his boarding with William Speakman, Jun. at Edgmont from March to Christmas 1840, and the mode in which the goods were marked that arrived at the store, the defendants asked him to state what means William Speakman, Jun. had to go into partnership? The plaintiffs objected, the court overruled the objection, and the plaintiffs excepted.

14. Another justice of the peace stated on behalf of the defendants, that William Speakman, Jun. called on him to collect three bills in August 1841, and process issued on two of them. The plaintiffs objected to his testimony, the court overruled the objection, and the plaintiffs excepted.

15. The witness then stated the bills were for debts contracted at Edgmont store, and they were recovered and satisfaction entered by William Speakman, Jun. The defendants then offered in evidence the bills which were in the name, some of William Speakman, others of William Speakman, Jun. The plaintiffs objected, the court overruled the objection, and the plaintiffs excepted.

16. The defendants offered to prove by the Secretary of the American Fire Insurance Company, that in January 1842, William Speakman, Jun. procured insurance against fire on the stock of goods at Edgmont in $5000, under an order signed by William Speakman, Jun. with the name or firm of William Speakman & Son, and in consequence of a fire, soon after was paid the sum of $1800 for the loss, that being the amount settled in 1844 by compromise after suit brought and arbitration. The whole business was managed by William Speakman, Jun., and the witness never saw the elder Mr Speakman. With this evidence the defendants offered in evidence the policy of insurance in $5000, dated 21st January 1842, by which William Speakman & Son were insured on store goods at Edgmont. To this evidence the plaintiffs objected, the court overruled the objection, and sealed a bill of exceptions.

Errors were now assigned in the matters contained in the bills of exception.

*Lewis* and *J. M. Read*, for the plaintiffs in error, referred to 4

*Whart.* 367; 11 *Serg. & Rawle* 372; 2 *Whart.* 553, 561; 1 *Watts & Serg.* 338; 2 *Watts* 277; 10 *Ibid.* 101; 6 *Ibid.* 698.

*Darlington* v. *Meredith,* contra, cited 6 *Whart.* 148; 1 *Whart.* 313.

The opinion of the Court was delivered by

ROGERS, J. — This is an action of assumpsit for goods sold and delivered to William Speakman and William Speakman, Jun., trading under the firm of William Speakman & Son. The declaration sets out the cause of action, avers the insolvency of William Speakman, Jun., and the death of William Speakman, Sen. The suit is brought to recover the amount due from the executors of William Speakman, Sen. The defendants pleaded the general issue, and on the trial the cause turned on two points; first, the insolvency of William Speakman, Jun., and secondly, the partnership of William Speakman & Son. It was admitted that the goods were sold and delivered to William Speakman, Jun., and the principal point in controversy was the alleged partnership.

The admission of one of the defendants sued as partner, that he and others composed the firm, has been ruled to be evidence. The existence of a partnership may be proved by the separate admissions of all who are sued. The law does not require direct and positive proof for this purpose; for it may be proved by the acts, declarations and conduct of the parties, by the act of one, the declarations of another, and the acknowledgment or conduct (where the firm consists of three persons) of the third. It cannot, however, be proved by the act of one only, but the whole testimony taken together may be and frequently is adjudged competent evidence of partnership. It is sometimes said that the admission of one is not evidence against the others, by which is meant that where the plaintiff fails in his proof against any one member of the alleged firm, he cannot recover, however strong and overwhelming may be the evidence arising from the admissions or conduct of the other defendants who are sued; for in order to sustain his case, he must connect each and every one by their own admissions or acknowledgments. But to effect this, the plaintiff has a right to prove one thing at a time, to add fact to fact, from which the jury, who must judge from the whole case, may infer the existence of the partnership. 4 *Whart.* 367; 11 *Serg. & Rawle* 372; 2 *Whart.* 553, 561; 1 *Watts & Serg.* 338.

And this course is permitted, because where there are no articles of copartnership, or they are suppressed, and no persons present at the contract, it would be impossible to prove a partnership, and thus the justice of the case would in many cases be perverted.

To support his case, the plaintiff in the first place proved certain confessions of the testator. Evidence was given that various packages of goods at different times were sent to the store at Edg-

[Welsh v. Speakman.]

mont, where the business of the firm was transacted, marked William Speakman & Son; that the testator was frequently at the store, and in a situation where it is more than probable he may have seen the goods so marked. Other evidence was also given which together raise a strong inference that William Speakman, Sen. was connected in business with his son. After these preliminary steps, the plaintiffs offer the evidence contained in the 2d, 3d, 5th, 7th, 8th and 9th bills, which in effect was an offer to show by the admissions of William Speakman, Jun. that he also was a member of the firm; and upon the principles above admitted, we think this evidence clearly admissible. Had the suit been brought against both, it would hardly admit of argument. The testimony rejected by the court shows that the bills of goods furnished for the store at Edgmont were rendered in the name of William Speakman & Son. It was, therefore, pregnant evidence against William Speakman, Jun., to whom the bills were sent; for the inference is irresistible that it was done with his consent and by his orders; for unless there was a connection between them in business, the error, it is reasonable to suppose, would have been immediately corrected. As then it would have been evidence if the suit had been brought against both, is there anything in the manner the suit is instituted which prevents its being received? The suit is brought against the executors of the solvent partner to prevent a failure of justice. By the death of the father the action survives against the son, who at law (being vested with the partnership funds) is alone liable; but he having become insolvent, it would be fruitless to proceed against him; hence, in this State, where we have no Court of Chancery, we aver the insolvency of the surviving partner, and proceed against the executors of the deceased partner. Now conceding that proof alone against the deceased partner would be all that is required (a point by no means clear), yet why should the plaintiff be prevented from strengthening his case by testimony of the admissions of the surviving partner? It certainly adds force to the allegation of the existence of the partnership, a principal and material fact that it is indispensable the plaintiff should establish to sustain his action. We are therefore of the opinion the court erred in ruling out the evidence contained in the 2d, 3d, 5th, 7th, 8th and 9th bills.

We also think, for the same reason, the court should have received the plaintiff's offer of the day-book and ledger. Of this the court were afterwards convinced, and, in a subsequent stage of the cause, said they might be given in evidence; but this offer the counsel for the plaintiff declined, stating that he had designed to give the books in evidence in connection with some explanatory testimony not now at hand, the witness having been discharged. On this state of facts two courses were open to the plaintiff— either to request that a juror should be withdrawn, or that the cause should be postponed, so as to give him an opportunity to

[Welsh v. Speakman.]

send for his witness. If either course had been pursued, and declined by the court, there would be some ground of complaint; but where such a request has been omitted, we should be unwilling to reverse a judgment for a mistake which the court was willing and offered to correct. He takes the chance of a verdict, and, having failed, he cannot now assign it as error.

The objections to the evidence in the 11th and 12th bills, which go to the form rather than the substance of the testimony, can be so easily obviated on another trial, that it requires no comment. It involves no principle which can be useful in another trial.

It is competent for the defendants to show the course or manner of doing business at the Edgmont store before any controversy arose; as, for example, that the sign was in the name of William Speakman, Jun.; that the books were kept in his name; that the bills were so made out, and that suits were before a justice in his name. And, as I understand it, this was the design of the testimony contained in the 14th and 15th bills. The evidence, we think, was properly received.

The evidence, also, in the 16th bill was properly admitted on the issue of the insolvency of William Speakman, Jun.

Judgment reversed, and a *venire de novo* awarded.