RIPPEY, Respondent, v. EVANS, AND OTHERS, Appellants.

1. A person who holds himself out as a partner may be charged as a partner; and where in a petition a person is charged as partner, and the proof shows merely that he has held himself out as a partner; *held*, that this is no variance.

## Appeal from St. Louis Circuit Court.

This was an action to recover the value of certain lumber furnished to the defendants as partners, at their request, and particularly at the request of defendant, Dennis. No answer was filed by any defendant except Dennis, who denied that at any time he did business as a partner with the other defendants; that they alone were partners, and that he (Dennis) was their clerk. The cause was submitted to the court sitting as a jury, and the plaintiff introduced proof showing that previous to the time the lumber was furnished, the other defendants, then doing business as partners under the name and style of Evans, Harris & Co., had been dealing with plaintiff, and, in the language of the witness, had " got tight up ;" that about that time Dennis came to plaintiff's office and asked what the debt of Evans, Harris & Co., was, and went on to state that he was " going in with them ;" that he had gone around and collected what the " concern" owed, and was satisfied; that afterwards, in ordering lumber, he said, " let our wagon have" such and so much lumber; that he talked of " our" property, and said that he was going down to the Republican office to give " us" a puff; with other evidence tending to the same result. It was also in evidence that plaintiff never would have trusted the other defendants alone.

Defendant introduced evidence tending to prove that previous to and about the time of the furnishing of the above lumber, an agreement was made between the other defendants, then doing business under the name and style of Evans, Harris & Co., on the one side, and Dennis on the other side, by which it was agreed that Dennis should loan the firm of Evans,

Harris & Co. $5000 ; that they should take Dennis as their clerk to manage finances, at a salary of $1000, and if, at the expiration of one year, Dennis' should desire to become a partner, then the $5000 should be considered a payment of his share ; but if not, then the $5000 should be payable six months after notification ; and said Evans, Harris & Co., the defendants, executed a deed of trust of certain real estate, to secure the payment of the money loaned. It also appeared on cross-examination, that the said real estate had been sold under the said deed of trust, and bought in by Dennis and sold again. The court found that defendant, Dennis, held himself out to plaintiff as a member of the firm of Evans, Harris & Co., as composed of J. Evans, E. Evans, James Harris and Thomas Dennis, and that in faith thereof the plaintiff furnished the lumber, the value of which is sought to be obtained in the present action, and gave judgment for the plaintiff for $148 86, with interest from commencement of suit.

*B. Bates*, for appellant.

*Shepley*, for respondent. 1. The facts proved on the trial and found by the court sustain the averments of the petition. It is no variance because the court failed to find that a partnership, as to themselves, existed between the defendants. The proof sustains the finding.

Scott, Judge, delivered the opinion of the court.

We see no reason to disturb the finding of the court. It seems to be warranted by the evidence, or at least there was evidence enough to support it. Nor does the finding discredit the evidence on the part of the defendants. As to them, Dennis may not have been a partner ; but nothing is more familiar than that persons, as between themselves, may not be partners, whilst they will be so considered as to third persons.

We see no variance between the proof and the cause of action as stated. The defendants were sued as partners, and the evidence conduces to establish the same fact. If Dennis held

himself out to the world as a partner, though not a partner in fact, yet he was one as to the world, and it was proper to charge him as such with the other partners.

The other judges concurring, the judgment is affirmed.