## JAMES B. GAUT, EXECUTOR, AND ANOTHER, v. REED BROTHERS & CO.

A creditor brought suit against a surviving partner, as upon an individual con-
tract, with writs of attachment and garnishment; but contested the gar-
nishee's answer, and by amendment made him a defendant, as executor of the
decedent, in right of whom he claimed the effects in his hands, alleging that
the decedent and original defendant, against whom he claimed to proceed as
survivor, were partners; that his was a partnership demand, that the effects·
transferred to the garnishee were partnership property, and subject to the
payment of its debts, and that the said transfer was fraudulent as to creditors,
the firm being at the time insolvent: *Held*, that the plaintiff, having after-
wards taken an individual judgment against the original defendant, could
not, by proceeding with the litigation against the garnishee and executor of
the deceased partner, on these grounds, annul the assignment made to him
by the surviving partner, and have the effects placed in the hands of the
officers of the court, and administered under its direction, for the payment of
his judgment, and the partnership debts.    Such a proceeding cannot be sus-
tained as a creditor's bill.

An agreement that, upon the death of one of two partners, the title to the
partnership property shall vest in the survivor, and he shall become indebted,
as therein stipulated, to the representative of the deceased, if made *bonâ fide*,
and for a valuable consideration, is valid.

The property would thereby vest in the surviving partner, and he would have
the right to dispose of it, by a *bonâ fide* sale, as well to the representative of
the deceased partner, as to a stranger.

If the partnership were insolvent, his assignment to the representative of the
deceased partner, to pay a debt growing out of the partnership business,
might not affect the right of creditors.

But if it became necessary to proceed against the estate of the deceased partner,
payment could only be enforced through the Probate Court.

Though there is some diversity of decision, yet it seems, by the great weight of
authority, that a plaintiff cannot, after taking judgment against one of the
partners, maintain an action upon the note, as the joint contract of the firm.

When the creditor has taken a judgment against one partner, as on his indi-
vidual contract, equity will not aid him to subject the partnership property
to its satisfaction; especially, where he shows that the partnership property
will not satisfy the partnership liabilities.

In equity, every partnership debt is joint and several, and the creditor may, at
the same time, sue the surviving partner as such, and proceed against the
estate of the deceased partner; but this he must do in the mode provided for
the settlement of estates of deceased persons.

APPEAL from Rusk. Tried below before the Hon. Charles A. Frazer.

This suit was brought by the appellees on the 1st of April, 1855, against Charles Vinzent, on five notes executed by him in their favor. The defendant, on the same day, acknowledged service of the petition; and on the 2d of May, 1855, answered by a general denial.

On the same day, the plaintiffs amended their petition, and alleged that the defendant, Charles Vinzent, had removed from the state, and gone to parts unknown to them, and prayed for an attachment against his property, and for a writ of garnishment to the appellant, Gaut, requiring him to appear and answer what he was indebted to the said defendant, Charles Vinzent, and what property and effects of his (Charles Vinzent's) he had in his hands. At the same time, an affidavit of the truth of the matters stated in the amended petition, and that Vinzent was indebted to the plaintiffs in the sum of $2535,58, was made by one of plaintiffs' attorneys.

The writs of attachment and garnishment were issued, and the former was returned by the sheriff, *nulla bona.*

On the 14th of November, 1855, the appellant, Gaut, answered the garnishment, in substance; that he owed the defendant, Charles Vinzent, nothing, and that no property of the said Vinzent's was in his possession; that on the 12th of May, 1855, he received a letter from the said Vinzent, enclosing nine notes on one Collins, payable to the said Vinzent, and assigned by him to Caroline E. Vinzent, the widow of Edward Vinzent, deceased, saying that he owed the heirs of the said Edward Vinzent, $30,000, in part payment whereof the said notes were assigned. That Charles Vinzent also enclosed to him, a transfer of land and land certificates, and gave him directions to take possession of certain enumerated personal property, for the same purpose. Attached to the answer of the garnishee, as an exhibit thereto, was a transfer from the said Vinzent of the said *choses in action,* personal property, lands, and land certificates to him, as the executor of Edward Vinzent, deceased,

to pay the amount of $30,000, which he, (Charles Vinzent,) as stated therein, was indebted to the heirs of the said Edward Vinzent, by six promissory notes, for $5000 each, executed November 11th, 1854, payable in one, two, three, four, five, and six years thereafter, and delivered by him on same day to the said Gaut, as executor of Edward Vinzent, deceased.

On the 26th May, 1856, the plaintiffs filed a second amended petition, alleging a partnership between the defendant, Charles Vinzent, and the said Edward Vinzent, at the date of the notes sued on, and made the articles of partnership a part of his petition, from which it appeared that they were universal partners; the interest of Charles Vinzent in the partnership property and effects, being three-fourths of the same, and that of Edward Vinzent being one-fourth. It was also agreed in the articles of partnership, that their partnership property, of every kind and description, was worth $120,000, and if either one of the partners should die before the expiration of the term of partnership, as therein stipulated, the entire partnership effects should vest in the survivor, and become his absolute and exclusive individual property; and the said survivor should pay the heirs of the deceased partner, upon the terms therein mentioned, the amount of his share of the said partnership property, according to the proportion and valuation as before fixed by them, in the said partnership agreement.

It was further alleged, in the said amended petition, that all of the property and effects, disclosed in the answer of the garnishee,. Gaut, were partnership assets, and liable to the payment of the plaintiffs' debts; that the transfer was fraudulent, and prayed that Gaut, as the executor of Edward Vinzent, should be made a party defendant; that all the property in his hands, as executor, should be decreed to be the joint property of the said Charles and Edward Vinzent, and that the plaintiffs should have judgment against the said property, subjecting it to their debt; but if the said property should be held to be the separate property of said Edward Vinzent, inasmuch as the assets, in the hands of the said Charles Vinzent, were wholly insufficient to

pay the firm-debts of said Charles and Edward Vinzent, they prayed judgment against the executor of the said Edward Vinzent, and that the said property should be sold, in satisfaction of their debt.

On the 3d June, 1856, the plaintiffs filed a third amended petition, in which they made Caroline E. Vinzent, widow of Edward Vinzent, a defendant.

On the same day, Gaut, as executor, appeared and answered as a defendant, by a general exception and general denial; and also claimed, that all the property and effects, conveyed by Charles Vinzent to him and Caroline E. Vinzent, were assets of the estate of Edward Vinzent, deceased, having been fairly and *bonâ fide* transferred by the said Charles Vinzent, to pay the said sum of $30,000, which he was justly indebted to the estate of said Edward Vinzent. On the 9th May, 1857, Caroline E. Vinzent filed her answer, in substance, the same as that of Gaut.

On the 11th of May, 1857, the plaintiffs filed, as a replication to the answers of Gaut and Caroline E. Vinzent, a general exception, general denial, and further alleged, that neither of the said parties paid anything of value for the said property and effects transferred to them by the said Charles Vinzent; but that the same were delivered in payment of the pretended debt of the said Charles Vinzent, to the heirs of said Edward Vinzent, and denied their ownership in the same.

And on the same day, the plaintiffs filed another amended petition, in which they alleged that Charles and Edward Vinzent were partners, and executed to him the notes sued on, by the firm name of Charles Vinzent; that the firm was insolvent at the death of the said Edward Vinzent; that all of their property was firm assets, and especially the effects in the hands of the said Gaut; that the said Collins's notes were payable to the said Charles Vinzent, the surviving partner; and averred that the said Charles Vinzent was sued as surviving partner.

On the said 11th of May, 1857, there was a judgment by agreement, against the defendant, Charles Vinzent, for $2274.66; and on the same day, an affidavit was filed by an attorney of

the plaintiffs, contesting the answer of Gaut, as garnishee; and under the order of the court, an issue was found, to determine as to the truth of the same. The allegations in the issue, on the part of the plaintiffs were, in substance, those heretofore made in the different amended petitions, to which Gaut, as garnishee and as executor of Edward Vinzent, and also Caroline E. Vinzent, answered by a general exception, general denial, and special answers, in substance as previously alleged in their answers to the amended petitions, and the answer of said Gaut to the garnishment.

On the 4th of November, 1857, the plaintiffs again amended their petition, and alleged, that after the execution of the notes sued on, by the said Charles and Edward Vinzent, by their firm name of Charles Vinzent, and before the commencement of their suit, Edward Vinzent died; and, on the same day, Gaut and Caroline E. Vinzent amended their answers, denying that the notes sued on were partnership debts, and also denying that there ever existed any partnership between the said Charles and Edward Vinzent, under the name of "Charles Vinzent."

The jury found, under special issues submitted to them by the court, that Charles and Edward Vinzent were partners under the firm name of "Charles Vinzent;" that they had been general partners in all business of every description, in which they had been engaged, from 1846 until the fall of 1854; that they were partners at the time the notes sued on were given, and that the said notes were given for goods purchased for the benefit of the firm; that the firm was insolvent at the time of the transfer of the property, mentioned in the answer of the defendant, Gaut; that "they did not find that the assets of the firm were sufficient to pay off the debts of the firm, exclusive of the notes and property transferred to the defendant, Gaut;" that the notes and property transferred by Charles Vinzent to Gaut, were a part of the partnership assets; that they "do not find that Charles Vinzent was in debt to Edward Vinzent at the time of his death;" and that the $30,000, transferred by Charles Vinzent to Gaut, was a part of the partnership property. Whereupon, the court decreed

that all of the said property and effects conveyed to the said Gaut and Caroline E. Vinzent, was partnership property of Charles and Edward Vinzent, and subject to the payment of the judgment recovered in this cause by the plaintiffs, against Charles Vinzent; and that all the right, title, claim and interest which the said Gaut, as executor of Edward Vinzent, and which Caroline E. Vinzent, and the heirs at law and next of kin of said Edward Vinzent, have, or ever had in and to the same, be deducted out of them, and vested in said Charles Vinzent, for the use and benefit of the creditors of the partnership lately existing between the said Charles and Edward Vinzent; that said Gaut should deliver to the sheriff of Rusk county, the land certificates, with evidences of title thereto, or so many thereof as might be sufficient to satisfy the plaintiffs' judgment against Charles Vinzent, except such of the said certificates as had been located; and if any or all of them had been located, it was adjudged that the said land was subject to the payment of the plaintiffs' judgment, and that an order of sale issue to the respective counties in which the land might be situate; and that the sheriff of Rusk county should sell, according to law, the certificates that might be delivered to him, for the satisfaction of the plaintiffs' judgment; and that the clerk of the court should be appointed receiver, for the benefit of Charles Vinzent and his creditors; and that the said Gaut should deliver to him, all of the said notes transferred to him by the said Charles Vinzent; and that the said clerk should collect the money due on the same, and hold it subject to the future order of the court; and should the said Gaut fail or refuse to deliver to the receiver the said notes, or to the sheriff, the said certificates and evidences of title, upon demand by them, then execution should issue against him upon report of the fact to the clerk of the court, for the amount of the judgment recovered by the plaintiffs against Charles Vinzent.

There was a motion by Gaut and Caroline E. Vinzent, for a new trial; which being overruled by the court, they appealed.

*Armstrong & Parsons,* and *M. D. Graham,* for the appellants.

*William Steadman* and *H. C. Wallace,* for the appellees.—It is said, that the judgment against Charles Vinzent was not rendered against him as surviving partner; but in the last amended petition, it was distinctly alleged that *he was sued* as surviving partner; and as the judgment against him was rendered by agreement, it cannot well be contended, that it was not against him as surviving partner. The judgment against him, did not itself describe him as surviving partner, *in hæc verba;* but, under our system, the pleadings themselves constituting a part of the roll and judgment, (all together forming the decree,) it does appear sufficiently clear, upon the record, that the judgment against Charles Vinzent, was against him in his capacity as surviving partner.

But it is urged by the appellants, that the judgment ought to be reversed, because, if the notes upon which it is rendered are claims against the estate of Edward Vinzent, they should have been authenticated, and presented to the executor under Art. 1150 of the Digest. We are not aware of any rule of law which requires claims to be authenticated as prescribed in Art. 1150, before suit can be maintained against a surviving partner. Gaut, the executor, and Mrs. Vinzent, were made *parties to the suit,* so that the court, having the proper parties before it, had jurisdiction to render the proper decree, reaching and binding, specifically, *the trust fund,* the assets of the firm; which were charged to be in the hands of Gaut and Mrs. Vinzent, but which ought to have remained in the hands of Charles Vinzent, so that he could fairly and honestly have wound up the affairs of the late firm, as surviving partners in law are bound to do; and which ought to have remained in the hands of the surviving partner, subject to the priority of payment, to which the partnership creditors were entitled. (Story, Eq. Pleading, § 167.)

The main object of the creditors, in making Gaut and Mrs. Vinzent *parties* to the suit, (and they were made co-defendants in the amended petitions, notwithstanding Gaut had almost, from the outset, been before the court as a garnishee,) was, that the property of the firm, in their hands, might be as effectually reached, as if it had remained in *statu quo,* that is to say, as if the

property had continued in the hands of the surviving partner, as it was at the time of the death of the deceased partner. (Story, Eq. Pleading, § 167.)

Creditors have a right, in equity, to follow the partnership assets as a trust fund, into the possession of all persons who have not a superior title. To so follow it, it is necessary that the parties in possession of the trust fund, should be made parties to the suit, to give the court the full jurisdiction over the fund; so that the court can *require* the trust fund to be administered according to the equitable rights of the parties; and this was the main object of making Gaut and Mrs. Vinzent co-defendants in the suit. (Story, Eq. Jur. § 1253.)

WHEELER, C. J.—An examination of all the questions which the record suggests, and which might be considered in disposing of the case, would lead to an extensive inquiry into the law and practice of the court, particularly respecting the rights and remedies of the creditors of a partnership, upon its dissolution by the death of one of its members, and the powers of the court in administering those remedies. But as the examination of these questions is not necessary to a decision, it is not thought advisable to enter upon such an examination without further argument.

The proceedings in the case seem to us quite anomalous, and we think the judgment wholly erroneous. Counsel for the plaintiffs and appellees have furnished us with no precedent for such a proceeding, in the decisions or practice of courts of law or chancery. It cannot be supported as a creditor's bill, as they suppose, if that remedy were not superseded by our law for the settlement of deceased person's estate; for it seeks to subject the partnership property by a proceeding against the surviving partner. It makes the court take upon itself the administration and settlement of the partnership concerns, out of the hands, both of the surviving partner, and the representative of the deceased; and places all the partnership effects, consisting of tangible property in the hands of the sheriff, with directions to sell sufficient

to satisfy the plaintiffs' judgment, and places the rights of action in the hands of the clerk as receiver, to proceed to collect and hold the proceeds, subject to the further order of the court. The decree seems to contemplate that the effects of the partnership shall be thus held by the officers of the court, to be applied in satisfaction of the claims of creditors, as they shall be made known to the court, and shall establish their demands by suit. It could not have been intended, that the clerk should assume the powers of a master in chancery, to pass upon the claims of creditors, as in case of a creditor's bill. Such an administration, by the District Court, of the concerns of a partnership, we do not think authorized by the law.

We see nothing in the evidence to warrant the jury in their finding, that the property and effects, transferred and assigned by the surviving partner, to the representatives of the deceased, were partnership property and effects, and that the survivor was not indebted to the deceased. The evidence establishes the contrary. By the articles of partnership, upon the death of the one partner, the title to the property became vested in the survivor, and he became indebted, as therein stipulated, to the representatives of the deceased. That such an agreement, made *bonâ fide*, and for a valuable consideration, is valid and effectual, to transfer the title to the property, is well settled. (Story on Part. § 358.) It is not questioned, that the agreement contained in the articles of partnership, was made *bonâ fide*, and for a valuable consideration. The property was thereby transferred to the survivor, and he had the right to dispose of it, by a *bonâ fide* sale and transfer to any person, and as well to the representatives of the deceased, as to a stranger. (Id.) If the partnership was insolvent, his assignment of the property, though honestly intended to discharge a debt due from him to the representatives of the deceased, growing out of the partnership business, might not affect the right of creditors to have the property subjected to the satisfaction of their demands. But if it became necessary to proceed against the estate of the deceased partner, payment could only be enforced through the Probate Court.

Gaut v. Reed.

But independently of this view of the case, we are of opinion that the decree, subjecting the property to the payment of the plaintiffs' judgment, cannot be sustained. This suit was brought against Charles Vinzent, as upon his individual note, seeking the recovery of judgment, to subject his individual property to the payment of the debt. The writs of attachment and garnishment were sued out as against his individual property, rights and credits; and the plaintiffs proceeded to take judgment against him individually. Pending the proceedings, and in the same suit, the plaintiffs declare upon the note as the joint contract of the firm, and seek a recovery against the defendant as surviving partner. They do not take judgment against him as surviving partner, but proceed to take a decree, subjecting the partnership property to the satisfaction of their individual judgment, though they allege that the partnership property is not sufficient to satisfy the partnership debts.

Whether, after thus taking judgment against one of the partners, the plaintiffs could maintain an action upon the note, as the joint contract of the firm, is a question on which there has been some diversity of decision. But the great weight of authority seems to be against a second recovery upon the contract. Mr. Collyer, in his Treatise on Partnership, lays it down, that the first judgment is a bar to the second action; and the American editor, in a learned note, in which he reviews the authorities, concludes, that the doctrine of the text is well supported by the authorities, and that the cases which seem to hold the contrary, have not sufficient support to stand upon. (Collyer on Part., Book 3, ch. 6, § 7, 8th edit., p. 688, n.; but see 3 Kent, Com., 8th edit., p. 30, n.)

If, however, the plaintiffs could have recovered a second judgment upon the note, upon the joint liability of the firm, they have not done so. They have taken judgment upon the note, against the maker only, and individually; and it appears to be well settled, without any diversity of opinion, that equity will not aid them to subject the partnership property to the payment of that judgment. Thus, in Penny v. Martin, 4 Johns. Ch. Rep. 566,

this question arose, whether a creditor, who has sued the ostensible partners in a firm, and recovered judgment against them, which remained unsatisfied, and afterwards discovered that there were dormant partners jointly interested in the transaction, out of which the creditor's right of action arose, could have the aid of a court of equity, to obtain satisfaction of his judgment against the dormant partners; and Chancellor KENT held that he had no jurisdiction to afford relief in such a case. The Chancellor said, the plaintiff's ignorance, that there were dormant partners, afforded them no excuse. They should have made inquiry. "If," he added, "they have now got into embarrassment and difficulty, in respect to their legal remedy, by pursuing the ostensible partners at law, without such inquiry, I do not know of any principle that will authorize this court to take jurisdiction of a case, where the remedy was, in the first instance, full and adequate at law, because the party may have lost that remedy by ignorance, founded on negligence, not on accident or mistake, or on any misrepresentation or fraud." (And see Willings v. Consequa, 1 Peters, C. C. Rep. 306; Robertson v. Smith, 18 Johns. Rep. 459; Smith v. Black, 9 Serg. & R. 144.)

Here the plaintiffs have not even the excuse of ignorance of the fact; for although they may have been ignorant of the partnership, when they brought their suit, their pleadings show that they were fully apprised of it before taking their judgment. They ought, then, either to have dismissed their suit, and brought suit against the defendant, as surviving partner, or, at least, having amended, by charging the defendant as surviving partner, they should have proceeded to judgment against him, as such, and not as sole contractor. (Willings v. Consequa, *supra*.) Had they done so, they might have proceeded at once against the estate of the deceased partner. For it is the well settled doctrine in equity, that every partnership debt is joint and several; and therefore the creditor may, at the same time, sue the survivor as such, and proceed against the estate of the deceased partner. (Collyer on Part., 4th Am. from 2d Eng. edit., p. 554, 555, n.; 3 Kent, 63, 64, n.; 1 Story, Eq. 676.) If the plain-

tiffs would have proceeded against the estate of the deceased, they must have pursued the mode provided by the law regulating the settlement of the estates of deceased persons. But having taken their judgment against the survivor, not as surviving partner, but as upon his sole, individual contract and liability, their judgment gives them no right against the partnership effects. They cannot have satisfaction of it decreed them out of the partnership property, especially, when their pleadings show that it is not sufficient to satisfy the partnership debts and liabilities. The decree subjecting the property must, therefore, be reversed and annulled.

It is not for us to indicate to the plaintiffs what their remedy may be, if any they have. It will be seen, by consulting the references we have given, that it might involve a question of no little difficulty and embarrassment. (And see Nichols v. Anguera, 2 Miles, 290; Ward v. Johnson, 13 Mass. 148; Anderson v. Levan, 1 Watts & Serg. 339; Pearce v. Kearney, 5 Hill, 94.) It may suffice upon this subject to say, that it is the course of legal judgment to decide cases only as they arise, and are presented for adjudication. The cause will be remanded, to afford the plaintiffs an opportunity to amend, or take such other proceeding as to them may seem advisable.

Reversed and remanded.