JENKINS and others vs. DAVIS and another, imp.

*January 17 — February 7, 1882.*

*Finding supported by evidence. Estoppel.*

The evidence in this case (stated in the opinion) justifies a finding that the sale of goods in question was made by plaintiffs to the defendants as copartners, and not to one of them individually; and it shows facts *estopping* all the defendants from denying that the sale was to the firm.

APPEAL from the Circuit Court for *Winnebago* County.

Action by *James Jenkins, O. F. Swift* and *J. H. Jenkins* against *C. W. Davis, David Jones* and A. B. Crane, for the sum of $1,327.83, alleged to be due the plaintiffs from the defendants for "goods, wares and merchandise and personal property," sold and delivered by the former to the latter about December 21, 1872, at Oshkosh, in this state. The complaint alleges that, at the time of such sale and delivery,

the plaintiffs were partners in business under the name of J. Jenkins & Co.; that the defendants were also partners in business at the same time; and that the goods, etc., so sold and delivered, were enjoyed and used by the defendants in their partnership business. The joint answer of *Davis* and *Jones*, after a general denial, alleged that at the time mentioned in the complaint, the defendant Crane and the plaintiffs were partners in business under the name of James Jenkins & Co.; that said firm owned the property described in the complaint until the sale hereinafter mentioned; that the business of said firm had never been settled; and that on or about the 16th of December, 1875, said firm sold and delivered said property to the defendant Crane, and to no other person whatsoever. The separate answer of Crane contained the same allegations as that of his co-defendants. Each of the defendants filed his affidavit denying the alleged partnership of the defendants. The cause was tried by a referee, who found severally each of the facts alleged in the complaint, and also found that at the time of the sale in question the defendant Crane was not a partner with plaintiffs. As a conclusion of law, he held that plaintiffs were entitled to recover from the defendants the sum demanded in the complaint. The defendants *Davis* and *Jones* excepted to each of the findings of fact and to the conclusion of law; and, the referee's report having been confirmed, and judgment entered accordingly, they appealed therefrom.

For the appellants there was a brief by *C. W. Felker*, their attorney, with *W. B. Felker*, of counsel, and oral argument by *W. B. Felker*.

*Gabe Bouck*, for the respondents.

ORTON, J. The referee was clearly warranted from the evidence in finding that the plaintiffs, the two *Jenkinses* and one *Swift*, were partners, under the name of J. Jenkins & Co., and that the defendant *Crane* was not a member of said firm, when they

owned and sold the property. The principal contention by the defendants was, that the plaintiffs sold the property to *Crane* alone, and not to the defendants *Davis*, *Crane* and *Jones*. It is insisted that at the time *Crane* purchased the property of the plaintiffs, the partnership of the defendants had not been formed, and was only in contemplation, and that *Crane* purchased this property for himself, to put into the concern as part of his stock, and be used in the business of the firm after the partnership should be formed; and that the defendants *Davis* and *Jones* did not authorize the purchase, and the firm did not become liable to pay for the same.

The evidence was somewhat conflicting, but we think it was sufficient to justify the referee in finding the main fact, that "the plaintiffs sold to the defendants the goods, wares and merchandise as alleged in the complaint." A list with the prices of the property was made out in the form of a bill, headed, "Sold by J. Jenkins & Co. to Crane, Jones & Davis," on the sixteenth day of December, and delivered to *Crane*, and *Crane* showed it to *Davis* and *Jones*, and delivered it to *Davis* about the same time. A few days before, *Davis* and *Crane* called upon the plaintiffs to ascertain the condition and value of the property as well as the prices asked; and it was then and there agreed that the property should be taken as suitable, except that some objection was made as to the groceries, because *Jones* was in the business of selling groceries; and when the property was to be made use of, the groceries were used in the family of *Crane*. *Davis* kept this bill after it was delivered to him, and no objection was ever made to the plaintiffs by either him or *Jones* as to the form in which it was made out. The account for the property, in conformity with this list or bill, was entered in the books of the plaintiffs on the 21st day of December. The property went into the concern of *Crane, Davis & Jones*, or *Davis, Crane & Jones*, at the prices named in that list. *Crane* testified that *Davis* objected to the form of the bill in respect to its being made out against the firm, and that he notified the plaintiffs thereof, and that they prom-

ised to correct it and have the goods charged to him alone; but this is positively denied by the plaintiffs.

It was in evidence that meats were purchased from one Wakeman and charged to the firm between the 20th and 24th of December, and that both *Davis* and *Jones* inspected the meats before the purchase, and they were afterwards paid for by the firm; that on the 17th and 18th of December the horses, which constituted a part of the purchase, were shod by one Sanford, a blacksmith; and that about that time several articles of hardware were purchased by the firm of Sanford, and both the shoeing and these articles were charged to the firm, and afterwards paid for by the firm. The defendants do not agree in their testimony as to the day when the partnership was formed. *Crane* fixes it on the 26th of December; *Davis* and *Jones* on the 23d or 24th. All the property except the groceries went into the use of the firm, and the firm, when they had finished their business of getting out logs, sold it to *Crane;* but *Crane* testified that he sold it to the firm after he bought it of the plaintiffs. The plaintiffs testified positively that they sold the property to and solely on the credit of the firm, and that they would not have sold it to *Crane* alone, because he was irresponsible.

These facts strongly tend to show that the partnership of the defendants was formed before this purchase was made, and that the defendants had held themselves out to the plaintiffs, and to others, as a partnership before such purchase, and that they jointly purchased the property, and acquiesced in the form and manner in which it was charged to the firm; and it would seem that they should be estopped from now denying that they purchased the property. The law upon the subject is unquestionable. Parsons on Part., 134; *Kelleher v. Tisdale*, 23 Ill., 405; *Gilpin v. Temple*, 4 Harr. (Del.), 190; *Robinson v. Green*, 5 id., 115; *Rippey v. Evans*, 22 Mo., 157; *Welsh v. Speakman*, 8 W. & S., 257.

*By the Court.* — The judgment of the circuit court is affirmed.