CHARLES KECK, Respondent, v. SEDALIA BREWING COMPANY, Appellant.

Kansas City Court of Appeals, May 10, 1886.

1. PRACTICE—NEGOTIABLE NOTE—ACTION ON CONFINED TO PARTIES TO IT—CASE ADJUDGED.—In the *absence of testimony* showing the party sought to be charged used the name found in the note, or other instrument of writing, as his business name, or that he ever recognized it as equivalent to his signature, he cannot be held liable in an action on the *instrument* itself. The action would be *on the case*. It is well settled that any person taking a negotiable promissory note, contracts with those only whose names are signed to it as parties, and cannot, therefore, maintain an action *upon the note* against any other person.

2. CONTRACT—LIABILITIES ON NEGOTIABLE NOTE.—The terms and obligations of a negotiable note are to be found written within its corners. "It is a courier without luggage, whose countenance is its passport."

APPEAL from Pettis Circuit Court, HON. H. C. SINNETT, Special Judge.

*Reversed and remanded.*

·The case is stated in the opinion.

R. C. SNEED and WILKERSON & MONTGOMERY, for the appellant.

I. The court erred in giving plaintiff's instruction and refusing defendant's, for the reason that upon a negotiable promissory note, alleged to have been executed by the defendant in a name entirely *different* from his proper name, he is not liable, *except* upon satisfactory and affirmative proof that he had assumed and *used such name* as indicative of his contracts, making it thereby, for that purpose, his own name, and for *that reason* was bound thereby. Daniels on Neg. Inst. (3 Ed.) sect. 304; *Brown v. Parker*, 7 Allen (Mass.) 338;

*Bartlett v. Tucker*, 104 Mass. 339. The testimony, not having any tendency to prove this, was wholly incompetent for any purpose.

II. No party can be charged as principal upon a negotiable promissory note, unless his name is thereon disclosed. *Brown v. Parker, supra;* Daniels on Neg. Inst., sect. 303 ; *Pease v. Pease*, 35 Conn. 146 ; *Arnold v. Sprague*, 34 Vt. 409 ; *Pentz v. Stanton*, 10 Wend. (N. Y.) 275 ; *Kenyon v. Williams*, 19 Mo. 45 ; *Bartlett v. Tucker*, 104 Mass. 339. Latent ambiguities only may be explained in accordance with the usual rule. *McClelland v. Reynolds*, 49 Mo. 314. No authority can be presumed in this instance. Woods Field. Corp., sect. 170.

III. The answer is sufficient to put in issue the execution of the note. Sect. 3653, Rev. Stat. ; *Pope v. Risley*, 23 Mo. 186 ; *Carpenter v. Inhabitants, etc.*, 51 Mo. 485.

L. L. BRIDGES, for the respondent.

I. The action was instituted against the right party. The brewing company received the *property*, for the payment of which the note was executed. The courts have adopted the liberal policy of allowing the *intent* of the parties to a contract to determine the liability, and this intent can be shown in explanation of any ambiguity in the instrument. *Klosterman, Adm'r, v. Loos*, 58 Mo. 290 ; *Shurtze v. Bailey*, 40 Mo. 69 ; *Musser v. Johnson*, 42 Mo. 74 ; *McClelland v. Reynolds*, 49 Mo. 312.

II. The judgment is for the right party, and against the party who received the consideration, and ought not to be disturbed. *Conley v. Doyle*, 50 Mo. 234.

ELLISON, J.—This was an action on a negotiable promissory note, the petition, as amended, declaring, "that on the seventeenth day of January, 1884, the said defendant, through its president and chief officer, Rudolph Schmidt, acting for and in the interests of said

company, and over the signature and style of 'Rud. Schmidt M. Co., Rud. Schmidt, Prs.,' made, executed," etc., its promissory note to plaintiff for five hundred dollars. The note was in words and figures following, to-wit :

"$500.          SEDALIA, Mo., Jan. 17, 1884.

"Forty-five days after date, I promise to pay to the order of Chas. Keck, at the Fourth National Bank of St. Louis, Missouri, Five Hundred Dollars, for value received, negotiable and payable without defalcation or discount, with interest from maturity, at the rate of ten per cent. per annum.

"RUD. SCHMIDT M. Co.,
"RUD. SCHMIDT, Pres."

Defendant objected to the introduction of any evidence, under the petition, "because it does not state facts sufficient to constitute a cause of action." This was overruled.

Defendant also objected to the introduction of the note, "because it was not the note declared on, and because it was not, and did not purport on its face to be, the note of the defendant, but, on the contrary, showed on its face that it was the note of another and different person."

These objections were overruled and the note read in evidence.

Plaintiff obtained judgment below, and defendant appeals.

It will be noticed that the name of the defendant nowhere appears on the face of the note. It being negotiable commercial paper, the question presented is, can a party unknown to the face of the paper, be held liable in an action thereon? We are not cited to any adjudication of this question by the supreme court of this state, but from adjudications in other states and the position taken by standard text writers, I am of the opinion that, in the absence of testimony showing the party

sought to be charged used the name found in the instrument as his business name, or that he ever recognized it as equivalent to his signature, he cannot be held liable in an action on the *instrument* itself. The action would be on the case. One may use or adopt a name, other than his own, and be bound by contracts to which he attaches it. This is frequently done, especially in partnerships, but there must be proof of this at the trial. "It is well settled that any person taking a negotiable promissory note, contracts with those only whose names are signed to it as parties, and cannot, therefore, maintain an action upon the note against any other person. That rule, of course, does not preclude charging a party who, instead of a name by which he is usually known, signs, with intent to bind himself thereby, his initials, or a mark, or any name under which he is proved to have held himself out to the world and carried on business." *Bartlett v. Tucker*, 104 Mass. 336. This doctrine is sustained by Daniels, Neg. Inst., sects. 303–4; Byles on Bills, 37; Story on Agency, sect. 164 (*n*), and, I believe, by Chitty, though I have not his work before me. The terms and obligations of a negotiable note are to be found written within its corners. "It is a courier without luggage, whose countenance is its passport." *Heaton v. Meyers*, 4 Col. 59 ; *Pentz v. Stanton*, 10 Wend. 271 ; *Thurston v. Munro*, 1 Green (Iowa) 231 ; *Kenyon v. Williams*, 19 Ind. 45.

In the case before us, the name signed to the note is Rud. Schmidt M. Co., said to mean the Rud. Schmidt Malting Company. There is no evidence that the Sedalia Brewing Company ever used that name, or held it out to the world as a name by which it would be bound.

Under the pleadings in the cause, there was no necessity of proving defendant to be a corporation. As the cause is to be remanded, I will say the evidence offered by plaintiff and rejected by the court, would not be competent in this action.

The judgment is reversed and the cause remanded. The other judges concur.