JAMES DUNCAN, Respondent, v. GEO. W. KIRTLEY, Appellant.

Kansas City Court of Appeals, November 6, 1893.

1.	Evidence: MAKER OF PROMISSORY NOTE. The maker of a promissory note, which is free from ambiguity, cannot be permitted by oral testimony to shift the responsibility of his positive promise to a corporation; of which he is the agent.

2.  Bills and Notes: CORPORATION OR AGENT, MAKER. *Arguendo,* as
    the corporation could not be held on the note, its name not being
    thereon disclosed, the agent is liable.

*Appeal from the Buchanan Circuit Court.*—HON. A. M.
WOODSON, Judge.

AFFIRMED.

*Casteel & Haynes,* for] appellant.

(1) If there is any ambiguity in a contract in
writing or a promissory note, in the description of the
person upon whom the responsibility of the note should
rest, and for whose benefit the contract was made,
parol evidence is admissible to afford an explanation
thereof. *Bank v. Bank,* 5 Wheat. 327; *Metcalf v.*
*Williams,* 104 U. S. 665; *Smith v. Alexandria,* 31 Mo.
103; *Schultze v. Bailey,* 40 Mo. 69; *Musser v. Johnson,*
42 Mo. 74; *Ins. Co. v. St. Mary's Seminary, supra;*
*Ferris v. Thom,* 72 Mo. 446. (2) Between the immedi-
ate parties to a bill or note, parol evidence is admis-
sible to show that the instrument was, to the knowledge
of the parties, intended to be the obligation of the prin-
cipal and not of the agent, and that it was given and
accepted as such. Meachem on Agency, page 287, sec.
443; *Brockway v. Allen,* 17 Wend. 40; *Metcalf v. Wil-*
*liams, supra; Haile v. Peirce,* 32 Md. 327; *Kean v. Davis,*
21 N. J. L. 683; *Means v. Swormstead,* 32 Ind. 87;
*McClellan v. Reynolds,* 49 Mo. 312.

*Samuel S. Shull* and *John T. Michau,* for respon-
dent.

(1) If an agent sign a negotiable note with his own
name and disclose on face of note no principal, he is
personally bound. The party so signing must have
intended to bind somebody, and no promisor but himself

appearing, it must be construed as his note.    Daniel on
Negotiable Instruments [3 Ed.] sec. 305.    (2) Parol evi-
dence can never be admitted to exonerate an agent who
has entered into a written contract in which he appears
as principal, even though he should propose to show
that he disclosed his agency and mentioned the name
of his principal at the time of executing the contract.
Same section cited above, and cases cited in note 2.
(3) A negotiable note is a courier without luggage whose
countenance is its passport.    No evidence is admissible
to charge any person thereon unless his name is disclosed
on the instrument itself.    Daniel on Negotiable Instru-
ments, sec. 303; *Sparks v. Transfer Co.*, 104 Mo. 531.

GILL, J.—This is a suit on a negotiable promissory
note, in the usual form, wherein defendant Kirtley prom-
ised one day after date to pay to plaintiff, Duncan, or
order, the sum of $247.95, with eight per cent. interest,
etc.    Defendant filed his answer, which was in effect
an admission that he signed the note, but claimed that
he did so for and on behalf of the "Dearhorn Milling
Company," a corporation, whose authorized agent he
was and to whom the plaintiff sold some wheat; that
plaintiff took the note fully understanding that the
same was the obligation of the Milling Company and
not that of the defendant, etc.

The court on motion of the plaintiff struck out the
defendant's answer and entered judgment for the plain-
tiff for the reason that the matter set out in said
answer constituted no defense.    Defendant appealed.

The question to be decided is this: Will the maker
of a negotiable promissory note be allowed to defeat an
action thereon by showing *aliunde*, the note, that
although the instrument appears on its face to be his
individual promise, yet with the knowledge of the

payee he executed the paper as the agent of another and was not therefore bound. We think this cannot be permitted, and therefore approve the action of the lower court in striking out defendant's answer and entering judgment for plaintiff.

While many authorities can be found holding it proper to solve an ambiguity appearing on the face of a written instrument, by letting in extraneous evidence to prove who in fact was intended to be held, I have yet to discover a case where the maker was allowed to shift the responibility of his positive promise in the manner here attempted. The case of *Marks v. Turner* (*ante*, 650) was one of those where outside evidence was deemed proper to clear up such an ambiguity. That was a suit on a written lease which on its face purported to be made by the "St. Joseph Produce Exchange," a corporation, and the said corporation on the face of the paper agreed to pay the rent to Marks, etc. In that case the defendants were permitted to show that although their names appeared signed to the lease they were the directors and managing officers of the principal corporation and it was on its account they signed the instrument. But in the case at bar there is no ambiguity. The note in suit is an ordinary negotiable instrument carrying on its face an absolute promise by defendant Kirtley to pay. There is nothing, within the four corners of the instrument, even to suggest that it was not the positive promise of Kirtley, individually. This is a clear case where it is attempted by parol evidence to set aside one instrument and create in its stead another.

It must be conceded that the "Milling Company" (for whom the defendant claims in his answer to have made the note) could not be charged by the instrument sued on. *Sparks v. Dispatch, etc., Co.*, 104 Mo. 531; *Keck v. Sedalia Brewing Co.*, 22 Mo. App. 187. The

rule is "that no party can be charged as principal upon a negotiable instrument unless his name is thereon disclosed." 1 Daniel on Negotiable Instruments, sec. 303 [4 Ed.] In *Sparks v. Dispatch, etc. Co. (supra)* the plaintiff sought to hold the defendant on three negotiable notes made to Sparks and signed, by the individual name of Jackson, defendant's president. The trial court permitted the plaintiff to show by parol evidence that the notes signed by Jackson in his individual name were intended as the obligations of the defendant company. But the supreme court, in an exhaustive opinion by GANTT, P. J., held this error, and decided that no recovery could be had on such notes in a suit against the Transfer Co., that the evidence which tended to take from the notes the name of one maker and substitute another and different person was improperly admitted. By reference to the court's opinion in that case, beginning at page 541, there will be found a full discussion of the authorities and legal principles involved, and to save space here we shall content ourselves with this simple citation. It furnishes a complete answer to the brief of defendant's counsel in this case.

Reasoning then from the base of the law as declared in the foregoing, it must be clear that as the Milling Company cannot be held on the note that was executed by defendant Kirtley in his own name, then defendant himself must be liable; for the principle is well understood, that if the agent sign a note with his own name and discloses no principal which can be bound, then the agent is himself liable thereon. 1 Daniel Negotiable Instruments [4 Ed.], sec. 305.

Judgment affirmed. All concur.