ELLIS, Respondent, v. SPRINGFIELD-SOUTH-WESTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 31, 1908.

PRACTICE: Covenants: Joint Covenantees: Husband and Wife. Where a man and wife in a joint deed conveyed a right of way to a railroad company, the wife was a necessary party plaintiff in an action against the railroad company for violation of a covenant to maintain a cattle pass underneath the railroad track; being joint obligees, both husband wife were necessary parties, although the wife had no substantial interest in the property.

Appeal from Stone Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*Martin L. Clardy* and *Edw. J. White* for appellant.

The court should have sustained the defendant's demurrer to the petition of the plaintiff. The petition showed, on its face, that the deed in which the condition sued on was incorporated, was the joint deed of Alfred Ellis and Oma Ellis and that one only of the two covenantees complained of the breach. 15 Enc. Pl. and Pr., pp. 529, 530; Rainey v. Smizer, 28 Mo. 310; Thieman v. Goodnight, 17 Mo. App. 430; Clark v. Cable, 21 Mo. 223; Ryan v. Riddle, 78 Mo. 521; Culver v. Smith, 82 Mo. App. 390; Dewey v. Carey, 60 Mo. 224; Ohnsorg v. Turner, 33 Mo. App. 487; McLaren v. Wilhelm, 50 Mo. App. 658; Slaughter v. Davenport, 151 Mo. 26; Parks v. Richardson, 35 Mo. App. 197; Lemon v. Wheeler, 96 Mo. App. 651; 1 Parsons on Con. (7 Ed.), 13; Seymour v. Railroad, 106 U. S. 320, 27 L. Ed. 103; Butler v. Boynton, 117 Mo. App. 465.

*McNatt & McNatt* and *G. W. Thornsberry* for respondent.

Even though it had been a joint obligation from the appellant to the respondent and his wife, yet if their agreement was to do different things for each of them, then their rights of action would be several, and not jointly. Bliss on Code Pleading (3d Ed.), sec. 64; McConnell v. Braymer, 64 Mo. 461; Boal v. Gas Co., 23 Pa. Sup. 339.

BLAND, P. J.—Plaintiff owns a tract of land situated in Stone county, Missouri. On August 24, 1905, he and his wife, Oma Ellis, signed and acknowledged the following deed (omitting caption and signatures):

"This indenture made on the twenty-fourth day of August, A. D. one thousand nine hundred and five, by and between Alfred Ellis and Oma Ellis, his wife, of Stone county, Missouri, party of the first part, and the Springfield, Southwestern Railway Company, a corporation organized under the laws of the State of Missouri, party of the second part:

"Witnesseth:    That the said party of the first part in consideration of the sum of five hundred dollars ($500), the receipt whereof is hereby acknowledged, and the building, maintaining and operating of a railroad by the said party of the second part, its successors and assigns, upon the strip of land hereinafter described, do, by these presents, grant, bargain and sell, convey and confirm unto the said party of the second part, its successors and assigns, all the piece and parcel of land being a strip of land, being a strip on each side of the center line of the railroad as now located over, through and across the lands of Alfred Ellis, situate, lying and being in the county of Stone, State of Missouri, in section No. 6, township 25, range 23 and 31, township No. 26, range No. 23, beginning at a point on the property line between Alfred Ellis and Thomas Eaton, fifty feet to the westward of the center line of the railroad as now located thence northward fifty feet, from and parallel to the center line through section 6, township 26 north, range 23 west, and through the southwest one-fourth of the southeast one-fourth of section 31, township 26 north, range twenty-three west, to the line of William Spears, thence eastward along said property line to the land line of Luther Hilton, thence southward along the property line between Luther Hilton and Alfred Ellis to the north line of section 6, thence westward along said line to a point fifty feet from the center line of the railroad as now located, thence southward fifty feet from parallel to said center line to the land of Thomas Eaton, thence to the point of beginning, the railroad company to construct an underneath cattle pass in the first draw south of the north section line of section 6, and to be exempt from all further damage, such piece or parcel of land hereby conveyed having through east one-half, northwest one-fourth, through northwest one-fourth northeast one-fourth, section 6, and forty rods, more or less, into the southwest one-fourth, southeast one-fourth

section 31, township 26, north, range 23 west, Stone county, Missouri, as it may pass through the lands and premises of the grantors herein, and the party of the first part agrees further that the railway company aforesaid, through its agents, employees or servants, may be allowed to encroach upon the adjoining lands, outside of the limit above mentioned, to which the party of the first part have title, for the purpose of completing or trimming its cuts or fills or for any purpose of change of channel, so long as the railway company aforesaid may wish to maintain and operate its said railroad; it being expressly understood and agreed, however, that the title acquired by the said party of the second part shall be confined to the strip of land first above mentioned.

"To have and to hold the premises aforesaid with all and singular the right, privileges, appurtenances and immunities thereto belonging or in any wise appertaining unto the said party of the second part, and to its successors and assigns forever."

The deed was delivered to the railroad company and duly recorded in the recorder's office of Stone county. The railroad company paid the cash consideration of $500 and built its road on the right of way granted, but has failed and refused to put in the underneath cattle pass as it covenanted to do. The action is for a breach of this covenant. Defendant demurred to the petition, assigning as one of the grounds that there was a defect of parties plaintiff. The demurrer was overruled, whereupon defendant filed an answer, in which it is stated "there is a defect of parties plaintiff and the plaintiff is without legal right to maintain this suit." The covenant to construct the underneath cattle way was made to plaintiff and his wife jointly, and defendant contends that it was indispensible that Mrs. Oma Ellis join in the suit. The petition alleged, and the evidence shows, that the title to the land conveyed for a right of way was in

plaintiff alone and his contention is that as he was the sole owner, the consideration for the conveyance passed to him alone and hence he was the only party in interest and the only necessary party plaintiff.

In Rainey v. Smizer, 28 Mo. l. c. 312, Judge Scott said: "Nothing is better settled than the rule that on an undertaking to two, both must join in an action on it; otherwise there is no cause of action." The same learned judge made a like ruling in Clark v. Cable, 21 Mo. 223. These cases have been approved and followed in Ryan v. Riddle, 78 Mo. 521; Slaughter v. Davenport, 151 Mo. l. c. 31, 51 S. W. 471; and by this court in numerous cases beginning with the case of Thieman v. Goodnight, 17 Mo. App. 429, and ending with Butler v. Boynton, 117 Mo. App. l. c. 465, 94 S. W. 723. The rule is thus stated in the Encyclopedia of Pleading and Practice: "Where a promise is made to two or more persons jointly, all the obligees must unite as plaintiffs in an action for a breach thereof, as the cause of action in such a case is joint only. This rule is not affected by the fact that some of such obligees have no real beneficial interest in the recovery, and it applies even though some of them never executed or assented to the contract and in fact expressly disclaimed it." [15 Ency. Plead. & Prac., p. 528.] The covenant to put in the underway cattle pass was made with plaintiff and his wife. Her joinder in the deed was necessary to convey her inchoate right of dower or of homestead in the lands. But even if it be conceded she had no beneficial interest in the contract, she had a legal interest therein which is a different thing from a beneficial interest (Emery v. Hitchcock, 12 Wend. [N. Y.] 156) and was an indispensable party plaintiff.

The judgment is reversed and the cause remanded with leave to plaintiff to amend his petition by making Oma Ellis a party plaintiff if so advised. All concur.