THE CITIZENS BANK OF LAREDO, Respondent, v.
J. E. LOWDER, Appellant.

**Kansas City Court of Appeals, February 21, 1910.**

1. **ACCOUNT: Pleading.** In an action on an account, if the items are set forth in the body of the petition, it is not necessary that there be a separate statement of the items attached to the petition.

2. **PARTNERSHIP: Pleading: Estoppel.** If a petition charges a partnership, there need not be proof of actual partnership. It is sustained by evidence of a holding out as partners; and it is unnecessary to plead estoppel in such case.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Sheetz & Son, Kitt & Taylor, J. M. Davis & Son, Wilson & Clapp* for appellant.

(1) The court erred in permitting the respondent to introduce evidence under his petition, when the petition failed to state the items of the account sued on, and did not have attached to it an itemized statement of the account between the plaintiff and the defendant as alleged partners. Savings Assn. v. Morris, 52 Mo. App. 612; Dawson v. Quillen, 61 Mo. App. 676; R. S. of Mo. 1899, sec. 630; Mangelsdorf Co. v. Seed Co., 132 Mo. App. 511. (2) There was not sufficient evidence to submit the question of partnership. Bank v. Outhwaite, 50 Mo. App. 128; Mining Company v. Swope, 40 Mo. 59; Ashby v. Shaw, 82 Mo. 81; Sain v. Rooney, 125 Mo. App. 187; Newberger v. Friede, 23 Mo. App. 637; Newspaper Co. v. Farrell, 88 Mo. 597. (3) No estoppel was pleaded, nor any facts constituting an estoppel set out in the petition. Gamble v. Grether, 108

Mo. App. 343; Hahlo v. Mayer, 102 Mo. 97; Boon. v. Turner, 96 Mo. App. 641; Casey Company v. Treadwell Co., 74 S. W. (Tex.) 792.

*E. M. Harber* and *A. G. Knight* for respondent.

(1) Where an account is stated with sufficient definiteness to preclude a subsequent action thereon, objection to the introduction of evidence in support of such account will not lie. Mfg. Co. v. Mitchell, 38 Mo. App. 321; Home v. Fritchey, 10 Mo. App. 344. This is especially true when no motion to make definite is filed. Hartford v. Boyes, 56 Mo. App. 139; Meyer v. Chambers, 68 Mo. 626. (2) Parties will be held to be partners as to creditors upon slighter proof than is necsary to establish the relations between themselves. 9 Ency. of Ev., 553; Bissell v. Warde, 129 Mo. 439; Meyers v. Boyd, 44 Mo. App. 378. (3) In a suit by strangers against persons charging them as partners, it is not necessary to prove an actual partnership, but only to fix a liability, for a man may not be a partner in fact, yet by his acts and language he may render himself liable as a partner. Campbell & Maison v. Hood, 6 Mo. 211; Bissell v. Warde, 129 Mo. 439; Gates v. Watson, 54 Mo. 591; Campbell v. Dent, 54 Mo. 325; Schultze v. Steele, 69 Mo. App. 614. (4) Under the allegations of the petition charging the defendants liable as partners, the plaintiff had a right to prove any partnership it could. Either a partnership *inter sese* (that is a partnership in fact) or a holding out to the public, by such acts and conduct as would estop appellant from denying the partnership, and therefore fix his liability as such. 1 Bates on the Law of Partnership, sec. 109 and authorities cited in note 2; Campbell v. Hood, 6 Mo. 211; Rippey v. Evans, 22 Mo. 157; Young v. Smith, 25 Mo. 341; Gates v. Watson, 54 Mo. 585; Bissell v. Warde, 129 Mo. 439; Schultze v. Steele, 69 Mo. App. 614; Rimel v. Hayes, 83 Mo. 200. (5) In pleading under the Code, it is not necessary to state the facts or circumstances

by which the ultimate fact relied on is to be proved. See & Bro. v. Cox, 16 Mo. 166; Lessing v. Sulzbacher, 35 Mo. 445; Gates et al. v. Watson et al., 54 Mo. 591; Alexander v. Campbell, 74 Mo. 142; Sanders v. Anderson, 21 Mo. 402; Lowe v. Electric Springs Co., 47 Mo. App. 426; McNees v. Railroad, 22 Mo. App. 224; Austee v. Ober, 26 Mo. App. 665; Alcorn v. Railroad, 108 Mo. 92; Fellows v. Jernigan, 68 Mo. 434. (6) When no objection is made to evidence of estoppel on the ground that estoppel has not been plead, such objection cannot be urged for the first time in the appellate courts. Hubbard v. Lee, 92 Pac. 747; Davis v. Davis, 26 Cal. 23; Flynn v. Ferry, 127 Cal. 648. (7) And again, the rule that estoppel *in pais* must be plead in order to let in the proof, does not apply when the plaintiff is without knowledge that his demand must ultimately rest upon estoppel. Donnelly v. Bridge Co., 117 Cal. 421; Hubbard v. Lee, 92 Pac. 747; Lumber Co. v. Barth, 81 Pac. 994; 16 Cyc., 806 and note 28; Isaacs v. Clark, 12 Vt. 692; Wright v. Butler, 6 Wendell 284; Gardner v. Buckbee, 15 Am. Dec. 256; Kilheffer v. Herff, 17 Am. Dec. 658. (8) The court was right in following the presumption of the law that when a partnership once exists it is presumed to continue. 9 Ency. of Ev., p. 538; Butler v. Henry, 48 Ark. 551; Auslyn v. Frank, 11 Mo. App. 598. (9) And the fact that they were in business together, and that such business, was carried on together, was *prima facie* evidence of a partnership. McMullen v. MacKenzie, 2 Greene (Iowa) 368; Miller v. Hale, 96 Mo. App. 427. (10) The evidence of a holding out is incomparably stronger and more forcible in this case than in the following cases, in which the evidence was held sufficient. Kelm v. Rathbun, 36 Mo. App. 199; Huyssen v. Lawson & Wilson, 90 Mo. App. 82. (11) A partner may testify as to who the other partners are. Bank v. Conway, 67 Wis. 210; Rosenbaum v. Howard, 69 Minn. 41. (12) Where sufficient evidence has been given to raise a fair

presumption that two or more persons are partners, then the actions and declarations of each are admissible as evidence against the others for the purpose of strengthening the *prima facie* case already established.    9 Ency. of Ev., p. 544; Bush v. Chas. P. Kellogg Co. (Tex. Civ. App.), 34 S. W. 1056; Caraway v. Bank (Tex. Civ. App.), 29 S. W. 506.    (13) The existence of a partnership may be proven by connecting each member therewith, and it is not necessary that the liability of each be proven by the same species of evidence.    9 Ency. of Ev., p. 542, note 14.

ELLISON, J.—Plaintiff is a banking institution and brought this action on an account against defendants as partners.    On a trial without the aid of a jury the finding and judgment were for plaintiff.

The defendant S. F. Lowder is the father and the three other defendants are his sons.    The petition charged them with the account as partners, but the court found against plaintiff as to S. F., the father, and F. M., one of the sons, and rendered judgment for plaintiff against the two remaining sons, H. F. and J. E.    The former acquiesced, but the latter prosecuted this appeal.

An objection is made that the petition did not have attached to it an itemized statement of the account between the parties.    There is no such separate itemized statement, but the petition itself, on the face thereof, sets forth a specific statement of the account consisting of checks on the bank whereby money was drawn therefrom by defendants, and deposits in the bank, a balance being stated as the sum due plaintiff.    This was sufficient.    It was a setting forth in the petition as contemplated might be done by the statute.    [Sec. 630, R. S. 1899.]

Defendant contends that the evidence was not sufficient to justify or uphold the finding of a partnership as mentioned above.    Defendant's objection is

treble. He insists that there was no evidence of a partnership *inter se;* and that there was no evidence of a partnership as to third parties by estoppel; and, if there was, it was not competent evidence, since an estoppel was not pleaded.

The evidence taken at the trial is quite voluminous and we cannot do more than announce the conclusion which we have formed after an examination of the record, and the manner of coming to such conclusion. In a case at law the verdict of a jury or the finding of a court sitting as a jury, will be sustained if there is any substantial evidence tending to support it. And in determining whether there is such evidence, every reasonable inference in behalf of him who obtains the verdict or finding, which can be based on the evidence heard, must be taken for his benefit. Keeping such rule in mind we see no good ground for attack upon the finding. There was no affirmative proof of a specific contract of partnership between the parties charged. But it must be remembered that there is no reason why a partnership *inter se* may not be proven by circumstances. The defendants were dealers in buying, selling and shipping cattle. An account was kept with the plaintiff bank for a time in the name of H. F. Lowder and for a time in the name of this appealing defendant. The reason for this change from one to the other was given but need not be here explained. Cattle were bought by one and the other of defendants and checks given and deposits made with plaintiff by different ones of them. Shipments of cattle were made in one car, without pretense of separate or individual ownership. Indeed it was stated in testimony that no separate account of profit or loss on sales in such shipments could be made. This, and much more found in the record, tended to show that a partnership in fact existed. If two or more persons are engaged in selling goods in a storeroom as owners, each selling any of the goods called for by customers and keeping the

money received on sales in a common place of safety or deposit, it would certainly be thought to be highly improbable, if not impossible, that such goods and such business were that of the separate individuals. Thut instance is not like that now before us and it is only mentioned to illustrate the idea we entertain of the character of evidence which may establish an actual partnership.

However, it seems to be considered by the parties that the trial court may have adjudged that defendant was a partner as to this plaintiff even though there was no partnership in fact; in other words, that the finding may have been based upon facts constituting a partnership by estoppel. Defendant with this idea in mind insists that no recovery could be had on the theory of estoppel since it was not pleaded, and cites Casey v. Treadwell, 32 Tex. Civ. App. 480. It is true that ordinarily an estoppel, to be available, should be pleaded. But in the instance of an action charging the existence of a partnership and partnership liability, the allegation in the petition amounts to a charge that the defendants are partners as to the plaintiff. The issue is—are they liable as partners *to the plaintiff?* So it is stated in 1 Bates on Partnership, sec. 109, that: "In other words the theory of a partnership by holding out, is one of liabilities and not of rights. In bringing an action against the apparent partners, they are sued as if actual members of the firm. The plaintiff generally does not know whether they are really such or not. The issue is, are they such towards him? Hence, it is not necessary to plead specially that there is an estoppel or holding out, but the plaintiff can sue the defendants as partners and prove they are such by estoppel, and it is not a variance."

While it is conceded by defendant, as is stated in Campbell v. Hood, 6 Mo. 211, and other cases in the Supreme Court that in a suit by strangers against persons charging them as partners, it is not necessary

to prove an actual partnership, but only to fix a liability; yet he contends that in those cases the question of pleading the estoppel was not raised. It may be true that the question has not been stated in terms in the cases in our appellate courts, but it has been so stated in effect; for in Rippey v. Evans, 22 Mo. 157, it is said that where in a petition a person is charged as a partner, and the proof shows merely that he has held himself out as a partner, it is not a variance.

In Reber v. Columbus M. & M. Co., 12 Ohio St. 175, the petition alleged a partnership. The answer denied the partnership, and defendant's counsel made the point that the pleading only made an issue of whether there was a partnership in fact. But the court said that: "The issue made by the pleadings in this case, raised not merely the question of *actual* partnership, as counsel suppose, but the broader question of the right of the plaintiff below to charge the plaintiffs in error as partners. . . . And, we think, it was clearly unnecessary that the pleadings should contain a statement of such facts, as are properly mere evidence of the main fact put in issue."

Defendant suggests that even if he acted as a partner or held himself out as such, plaintiff did not know it and therefore could not have been influenced by such conduct; and therefore if there was no partnership in fact, plaintiff should not recover. But we think there was evidence tending to prove that plaintiff was aware of defendant's acts and that it was justified in putting faith therein.

After an examination of other points made in defendant's behalf we cannot see where any error was committed substantially affecting the merits of the controversy. The judgment, in our opinion, was manifestly for the right party, and it is affirmed. All concur.