EMMETT F. BURK and ROY BURK, Executors of the Estate of MONROE BURK, Appellants, v. J. B. WALTON.—86 S. W. (2d) 92.

Division Two, September 3, 1935.*

*NOTE: Opinion filed at May Term, 1935, July 11, 1935; motion for rehearing filed; motion overruled at September Term, September 3, 1935.

*J. A. Silvers* for appellants.

*Sparrow, Patterson, Chastain & Graves* for respondent.

BOHLING, C.—Plaintiffs are the duly appointed, qualified and acting executors of the estate of Monroe Burk, who departed this life in October, 1926, testate. The first count of plaintiffs' amended petition, upon which the case went to trial, is based on an alleged oral contract of J. B. Walton to pay said Burk a certain debt evidenced by two certain promissory notes of Frank Oldham and wife in the principal sums of $15,000 and $4,000. The $4,000 note having been paid, judgment is sought on the indebtedness evidenced by the $15,000 note. Cast on demurrer at the close of plaintiffs' case, plaintiffs appeal.

Plaintiffs' case, in its essential features, is based on offers of proof, the evidence being excluded by the court. For a ready understanding of the issues, we set forth the substance of the first count of plaintiffs' petition. It alleges: That said Monroe Burk in August, 1919, was the owner of a certain 280-acre tract of land, describing it; that on said date George W. Lee contracted in writing to buy said real estate from said Burk, the agreed consideration being $23,800; "that said purchase price was to be paid in money when a properly executed deed was delivered to the purchaser aforesaid and possession of said real estate was surrendered to him by the

seller;" that said Lee paid $500 as earnest money on said contract and said Burk executed and placed in escrow a warranty deed conveying said real estate to said purchaser, said deed bearing date of August 28, 1919; "that before the delivery of the deed or the payment of the remainder of the purchase money and shortly after the date of said conveyance, the said J. B. Walton, defendant herein, entered into an arrangement with the purchaser, George W. Lee, by which the said J. B. Walton was to become interested in said land, and was to pay an equal portion of the purchase price, and share equally in the profits of said transaction;" that thereafter and before the delivery of said deed of said Burk, said Walton agreed to convey or cause to be conveyed to Frank Oldham 200 acres of the aforesaid 280-acre tract of real estate in consideration of the sum of $22,000, $3,000 to be paid to said Lee and Walton and the balance ($19,000) to be evidenced by promissory notes, secured by deeds of trust on said 200 acres; that on or about February 18, 1920, said Oldham and wife executed and delivered to the Walton Trust Company (a corporation of which said Walton was an officer and managing agent), their promissory notes, one in the sum of $15,000, secured by a first deed of trust as aforesaid, conveying said real estate to James A. DeArmond, as trustee, and also their $4,000 note, secured by a second deed of trust on said 200-acre tract, said $4,000 note being payable to said Lee; that after the signing and making ready for delivery of the several instruments aforesaid, said Burk Lee, Walton, Frank Oldham and wife met for the purpose of consummating the several transactions, "and to obtain a delivery of the deed of conveyance from said Monroe Burk to George W. Lee for the 280 acres of land first above mentioned, and to secure possession of said real estate in accordance with the terms of the contract of sale between said Monroe Burk and said George W. Lee, said defendant, J. B. Walton, proposed to said Monroe Burk to secure to him an assignment of all the notes made by said Frank Oldham and wife, as aforesaid, and in order to induce the said Monroe Burk to accept such assignment and deliver the deed and surrender possession of the real estate above mentioned did promise and agree and did personally bind himself to pay said note of $15,000 and the said note of $4,000, respectively;" and "that the said Monroe Burk did then and there accept said proposal so made by defendant, J. B. Walton, relying upon his oral promise to pay said promissory notes, so made by the defendant, and thereupon delivered the deed of conveyance for the said 280 acres of real estate herein first above described and surrendered the full possession of same in accordance with said proposal;" that said Walton did procure from said Lee an assignment of said $4,000 note and from said Walton Trust Company an assignment of said $15,000 note to said Burk and paid said Burk the sum of $4,300 on the purchase price for said

280 acres; that in March, 1920, said Walton and said Lee did sell and convey to W. D. Englehardt a certain 80-acre tract of said 280 acres of real estate in consideration of the sum of $6200 paid to said Walton and said Lee; that said Oldham, in March, 1923, reconveyed said 200-acre tract to said Lee, the said Lee holding the same for the use and benefit of himself and said Walton, until August, 1926, when said Lee surrendered the possession and control of said real estate to said Walton; that said Walton has held the possession thereof since said date; that said Walton has paid the sum of $4,000 evidenced by the aforesaid $4,000 note of said Oldham and wife to said Lee and caused said second deed of trust to be released and discharged of record; that said Walton paid all interest accruing on said $15,000 note up until February 18, 1929, but has failed to pay said principal sum of $15,000, evidenced by said $15,000 note, and refused to pay said sum and the interest thereon since said February 18, 1929.

The second count of plaintiffs' petition, adopting the allegations in said first count, was based on an alleged written contract, dated August 28, 1926, between said Lee and said Walton, wherein, for a consideration, said Walton contracted to relieve said Lee of any further liability in connection with the sale and conveyance of the 200-acre tract mentioned in the first count of the petition, and under said contract sought a recovery on the indebtedness mentioned in the first count of the petition.

Defendant filed a motion to strike the amended petition on the ground that it was a departure from the original petition. This motion was sustained as to the second count but overruled as to the first count. Plaintiffs make no complaint of this action of the trial court on this appeal.

We deem it unnecessary to set out the substance of defendant's answer or plaintiffs' reply. They fully present the issues hereinafter discussed.

Defendant presents the contentions that defendant's undertaking was an oral promise to pay the debt of another, and was not to be performed within one year, and, being oral, under the Statute of Frauds [Sec. 2967, R. S. 1929, Mo. Stat. Ann., p. 1835] no action may be maintained thereon, and, further, that under that portion of Section 2647, Revised Statutes 1929 (Mo. Stat. Ann., p. 653), of the Negotiable Instruments Law, which provides no person is liable on any negotiable instrument whose signature does not appear thereon, defendant may not be held, as defendant's signature does not appear on said $15,000 note.

The oral agreement of Walton to pay the Oldham notes falls within the provisions of the Statute of Frauds, and an action may not be maintained thereon unless facts exist removing the agreement from the application of the statute. Plaintiffs position is that since Mon-

roe Burk delivered the deed conveying the real estate to Lee, and Lee assumed possession and control thereof, there was a complete performance of the oral contract on the part of Burk and Walton may not now interpose the Statute of Frauds as a defense; and that the oral agreement was an independent and original undertaking on the part of Walton, supported by a consideration.

■ Speaking of parol contracts falling within the inhibition of the Statute of Frauds, Cape Girardeau & C. Railroad Co. v. Wingerter, 124 Mo. App. 426, 431, states: ". . . it has been the settled law with us from a very early period in the history of the State, that when such contract is fully executed by one of the parties thereto, when it has been fully and completely performed on one side and the other party has had the benefit of such performance, it is thereby removed from the operation of the statute entirely and recovery may be had on the contract in an .action at law, as at common law prior to the adoption of the statute. . . . This doctrine applies alike to contracts falling within the operation of each and all the various sections of the statute." Such has been the holding whether the contract be one falling within the provisions of the statute relating to an agreement that is not to be performed within one year from the making thereof [Bless v. Jenkins, 129 Mo. 647, 657, 31 S. W. 938; Schlitz Brew. Co. v. Missouri P. & G. Co., 287 Mo. 400, 412(2), 229 S. W. 814, 816(3), and cases cited], or the charging of any person upon any special promise to answer for the debt, default or miscarriage of another [Moore v. McHaney, 191 Mo. App. 686, 697, 178 S. W. 258, 261(7); Walker v. Whitten (Mo. App.), 38 S. W. (2d) 480, 482(5); Hill Bros. v. Bank of Seneca, 100 Mo. App. 230, 240, 73 S. W. 307, 310].

■ With reference to the consideration to support Walton's oral promise to pay the Oldham notes: The delivery of the deed by Burk to Lee, according to plaintiffs' petition and offers of proof, was had upon Walton's promise to pay the Oldham notes. Walton's interest in having this deed delivered resulted from his acquiring an interest in Lee's contract with Burk for the purchase of the land, and the contract to convey 200 acres thereof to Oldham. According to the petition, the delivery of the Burk deed to Lee was to be accompanied by cash payment, and according to the offered proof Burk was unwilling to take back a deed of trust in excess of $10,000. The Oldham notes were five-year notes. This extension of the time of payment of the $19,000, or the difference between $19,000 and $10,-000, according to the offers of proof, was a sufficient consideration to support the oral promise of defendant Walton. [Platte Val. D. Dist. v. National Surety Co., 221 Mo. App. 898, 908, 295 S. W. 1083, 1088(13), stating: "The consideration of defendant's [oral] promise to pay the interest on daily balances, as provided in the contract of Sutherline & Co., and to meet the daily balances as they became due,

was plaintiff's agreement to waive the right to meet the payment of the $90,000 in a lump sum. The consideration for plaintiff's promise to extend the time of payment to defendant, was the undertaking by defendant to pay the interest when any was payable. There is no question but that this was a sufficient consideration.''] If Walton became a partner with Lee in the purchase of the Burk real estate and was to share equally with Lee in the purchase price and the profits of the transaction, the benefit, or at least an equal part of the benefit, arising from the extension of the time for payment of the whole or part of the purchase price agreed upon between Burk and Lee accrued to Walton; and Walton's oral promise to Burke to pay became an independent and original promise founded upon said consideration moving directly to Walton and constituting the motive and inducement for his promise. Under such circumstances it is not essential to the validity of the oral promise that the original debtor be released. [Moore v. McHaney, 191 Mo. App. 686, 696, 178 S. W. 258, 261(6); Hill Bros. v. Bank of Seneca, 100 Mo. App. 230, 240, 73 S. W. 307, 310 (recognized by *dictum* as an exception to the rule that the promisee must release the original debtor and look to the new debtor alone to take such a promise out of the statute in Swarens v. Pfnisel, 324 Mo. 1245, 1252, 26 S. W. (2d) 951, 954); Walker v. Whitten (Mo. App.), 38 S. W. (2d) 480, 482(3); Platte Valley Drainage Dist. v. National Surety Co., 221 Mo. App. 898, 910, 295 S. W. 1084, 1089(16).] For a collation of Missouri decisions on oral promises to pay a debt involving the debt of another and not falling within the Statute of Frauds, see Moore v. McHaney, supra.

Defendant's signature does not appear upon the $15,000 note. Keck v. Sedalia Brew. Co., 22 Mo. App. 187, 189; Mineral Belt Bank v. Elking Lead & Zinc Co., 173 Mo. App. 634, 637, 158 S. W. 1066, are cited in support of defendant's contention that since defendant's signature does not appear on the note he may not be held liable thereon under Section 2647, supra. In each of these cases the action was on the ''note.'' In the instant case plaintiffs' cause of action is founded on an oral promise to pay (not on) certain notes. Had defendant's promise been embodied in a separate writing, unquestionably an action thereon would lie. A like oral agreement, if removed from the operation of the Statute of Frauds, is of equal force.

Under the authorities cited, plaintiffs' petition stated a cause of action founded upon defendant's oral promise to pay and, absent some controlling factor contra, evidence to the extent indicated substantiating the allegations of the petition was competent.

Plaintiffs' complaint here, insofar as essential to a determination of the issues involved, embraces the action of the court in excluding evidence by which plaintiffs undertook to establish defendant's interest in the transaction and the oral contract relied upon.

At the commencement of the trial and prior to the introduction of any oral evidence, the warranty deeds, in the ordinary printed form, from Monroe Burk and wife, dated August 28, 1919, conveying the aforesaid 280-acre tract of real estate to George W. Lee; and from George W. Lee and wife, acknowledged February 24, 1920, to Frank Oldham, conveying the 200 acres, aforesaid; and from George W. Lee and wife, dated March 5, 1920, to W. F. Englehardt, conveying the 80 acres, aforesaid; and the $15,000, principal amount, negotiable promissory note of Frank Oldham and wife to the Walton Trust Company, dated February 18, 1920, and payable February 18, 1925, indorsed by said trust company, without recourse, to said Burk or order, and deed of trust, dated February 16, 1920, on said 200 acres of real estate securing said note; and the $4,000 note of said Oldham and wife, duly indorsed (and delivered to Burk), and second deed of trust on said 200 acres of real estate securing said note were introduced in evidence. *Nota bene:* The $15,000 note does not bear the signature of J. B. Walton, but said $4,000 note shows indorsed by George W. Lee and J. B. Walton. Thereafter, during the progress of the trial, the court sustained defendant's numerous objections to plaintiffs' questions and offers of proof tending to establish the alleged prior oral agreement or impeach the recitals contained in the aforesaid written instruments. The alleged oral contract between Burk and Walton was had and made prior to the consummation of the transactions and the delivery of any writings affecting the same, including said notes. Defendant contends that all prior negotiations between Monroe Burk and J. B. Walton were merged in the written instruments which were exchanged between the parties at the time the transaction was consummated, and that such written instruments, under the allegations in plaintiffs' petition, are the sole evidence of the contract between Burk and Walton. There is no allegation of fraud, accident or mistake in plaintiffs' petition, or any claim of any such fact in plaintiffs' offers of proof.

While recitals in a written instrument as to the consideration therefor amounting to statements of fact, and not rising to the status of being contractual in their nature, are subject to contradiction [Hunter v. Hunter, 327 Mo. 817, 828, 39 S. W. (2d) 359, 363(2); Tucker v. Dolan, 109 Mo. App. 442, 451, 84 S. W. 1126, 1129; See v. Mallonee, 107 Mo. App. 721, 725, 82 S. W. 557, 559], extrinsic evidence, in the absence of fraud, accident or mistake, is not competent to vary or contradict provisions of a contractual nature set forth therein where the parties to the document, or their privies, are the contesting litigants. In Employers' Indemnity Corp. v. Garrett, 327 Mo. 874, 884, 38 S. W. (2d) 1049, 1053(3), this court said: "Where parties have deliberately put their engagement into writing, in such terms as import a legal obligation without any uncertainty as to the object or extent of the engagement, it is con-

clusively presumed that the whole of the engagement of the parties and the extent and manner of their undertaking have been reduced to writing, and parol evidence is not permitted to vary or contradict the terms of such writing, or to substitute a new or a different contract for it.'' [Barger v. Healy, 276 Mo. 145, 157, 207 S. W. 499, 503; Jones v. Shepley, 90 Mo. 307, 313, 2 S. W. 400, 401.] In Orthwein v. Nolker, 290 Mo. 284, 289, 234 S. W. 787, 788(1), testimony tending to show that one who indorsed a note was in fact a maker was held properly excluded, the reason therefor being stated as follows: ''. . . because it is not permissible to show by parol evidence that Nolker signed the note in any capacity other than as indorser.'' In Parsons v. Kelso, 141 Mo. App. 369, 372, 125 S. W. 227, 228, Kelso contracted to purchase certain real estate for a total consideration of $4,000, the vendors to furnish a good title. The title showed an outstanding $3,000 encumbrance. Nothing was said in the contract concerning the encumbrance. Testimony was introduced to the effect that Kelso agreed to assume the encumbrance. The court held this testimony should not have been received, and assigned as one reason therefor that it was in contradiction of the written contract between the parties.

We are not impressed with defendant's contention that plaintiffs were precluded from establishing the alleged oral contract by reason of the recitals in the deed from Lee to Oldham; or the deeds of trust from Oldham to the Walton Trust Company and to Lee, as beneficiaries; or the recited consideration in the deed from Burk to Lee, it being a mere statement of fact. No privity of contract existed between Walton and Burk by reason of any of these documents. None embraces or purports to embrace the terms of any contractual relation between said parties. Their recitals of a contractual nature are binding between the parties, and their privies, to the respective documents, but should not be held binding upon third parties who are basing their claim on a separate agreement and not upon such instruments. It has been held that a party to a written agreement, such as a release, may contradict the terms thereof by parol evidence when the litigation is with a stranger thereto. [Slinkard v. Lamb Constr. Co., 286 Mo. 623, 225 S. W. 352; McKim v. Metropolitan St. Ry. Co., 196 Mo. App. 544, 546, 196 S. W. 433, 434(4).] 1 Greenleaf on Evidence (16 Ed.), section 279, gives the following reason for the rule written agreements do not preclude third parties from showing the true facts. ''It cannot affect third persons, who, if it were otherwise, might be prejudiced by things recited in the writings, contrary to the truth, through the ignorance, carelessness, or fraud of the parties; and who, therefore, ought not to be precluded from proving the truth, however contradictory to the written statements of others.''

Defendant's alleged oral contract to pay the $15,000 and the

$4,000 notes constituted one agreement founded upon one consideration, viz.: the delivery of the deed from Burk to Lee and the placing of Lee in possession of the real estate therein described. However, the $4,000 note from Oldham and wife to Lee bears the indorsement of Walton, whereas the $15,000 note to the Walton Trust Company was not indorsed by Walton. Under the circumstances attending the delivery of the two notes to Burk, the liability of Walton was that of an indorser only on the $4,000 note [Sec. 2691, R. S. 1929, Mo. Stat. Ann., p. 685], and no obligation existed on the part of Walton to discharge the $15,000 note. The alleged prior oral agreement between Burk and Walton was reduced to writing by the subsequent indorsement of the $4,000 note by Walton and its delivery to Burk as effectively as if incorporated in a subsequently executed separate document between Burk and Walton providing for the payment by Walton of the $4,000 note as an indorser, without any mention of the $15,000 note. Having thus reduced their oral agreement to writing, absent any allegations of fraud, accident or mistake, evidence *aliunde* of a prior oral agreement was not competent to change the contract as written so as to impose upon Walton the additional personal obligation of discharging the $15,000 note.

Under this view of the case, it is unnecessary to pass on the other questions made and discussed by counsel for the respective parties in their able and exhaustive briefs.

The judgment of the trial court should be and is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.

---

*NOTE: Opinion filed at May Term, 1935, July 11, 1935; motion for rehearing filed; motion overruled at September Term, September 3, 1935.