Harry JUSTUS, Plaintiff-Respondent,

v.

Arthur WEBB and Flo Webb,
Defendants-Appellants.

No. 12408.

Missouri Court of Appeals,
Southern District,
Division Two.

May 24, 1982.

Jeri Leigh Caskey, Alton, for defendants-appellants.

JoAnne Spears Jackson, West Plains, for plaintiff-respondent.

BILLINGS, Judge.

Defendants appeal from the judgment of the Circuit Court of Howell County awarding plaintiff $2,224.38 as the reasonable value of the materials and labor expended by plaintiff in the remodeling of defendants' house.

The trial court, after trial de novo, following trial in associate circuit court, found, inter alia: "that parties attempted to enter an agreement whereby petitioner would refurbish a house belonging to respondents in return for which he and his wife could live in the house rent free for a period of time; that said agreement is unenforceable in that it violates the Statute of Frauds and the terms of the agreement regarding duration of the term of rent free occupancy and the amount to be spent on refurbishing the house were never agreed upon...."

Defendants contend that § 517.050 RSMo 1978 required plaintiff to file a statement of account in the associate circuit court "before any process shall issue."

■ Section 517.050 provides:

"No formal pleadings upon the part of either plaintiff or defendant shall be required, but before any process shall issue in any such suit, the plaintiff shall file with the clerk the instrument sued on, or a verified copy thereof, or a statement of the account, or of facts constituting the claim upon which the suit is founded...."

Plaintiff filed a statement of facts constituting the claim which, under these facts, is sufficient [see *G. H. Kursar, D. O., Inc. v. Fleisher*, 602 S.W.2d 870 (Mo.App.1980)]; further, there is no statement of account between these parties. *The Citizens' Bank of Laredo v. Lowder*, 141 Mo.App. 603, 125 S.W. 1180 (1910).

■ We are obligated to review the record sua sponte for jurisdiction in the trial court [*Gorman v. State Highway Commission*, 552 S.W.2d 335 (Mo.App.1977)], and, for reasons which follow, hold that plaintiff and his ex-wife, Susan Sago, are joint obligees to the contract and the failure of plaintiff to join Susan Sago as a plaintiff [or defendant under Rule 52.04 V.A.M.R.] results in a failure to state a cause of action, a jurisdictional defect. *Fallert Tool & Engineering Co. v. McClain*, 579 S.W.2d 751 (Mo.App.1979).

Plaintiff and Susan Sago were married in February of 1979. Soon thereafter, the defendants offered the couple rent free use of a house for a period of two years in exchange for their remodeling of the interior of the house. The couple accepted and the

house, most recently used for storage, was to be made "livable." [1]

The couple moved in after completing the major repairs and continued working for two or three weeks until marital difficulties separated them. At this time both husband and wife moved out of the house. Plaintiff's wife then locked up the house pending their dissolution. About the time of the dissolution, defendant Art Webb put his own padlock on the premises. This padlock remained on the house until plaintiff removed the property awarded to him in the couple's property settlement. Susan Sago moved back into the house approximately one month after the dissolution was granted in October, 1979.

Plaintiff's petition alleges that he fully performed and that because defendants breached the contract by padlocking the premises he is entitled to the reasonable value of the materials and labor he expended in remodeling the premises. He pleaded the terms of the agreement as three years free rent in exchange for remodeling, asserting that the agreement was modified, though he and defendants all admit the original contract called for two years free rent.[2]

■ Plaintiff's claim was couched in terms of quantum meruit, though the agreement was pleaded. Defendants' answer raised, inter alia, the affirmative defense of the statute of frauds. § 432.010 RSMo 1978. The theory of a case, however, is framed by the pleadings either as drawn or as amended by the evidence. *Sydney v. Coca-Cola Co.*, 569 S.W.2d 11 (Mo.App.1978).

■ Both parties put on ample evidence of the negotiations and terms of the agreement as well as the various phases of its performance. There is authority in Missouri for the proposition that failure to object to evidence of an oral agreement, even where the statute of frauds is specifically pleaded, constitutes a waiver of the statute. *Miller v. Harper*, 63 Mo.App. 293 (1895); see *Platte Valley Drainage Dist. v. National Surety Co.*, 221 Mo.App. 898, 295 S.W. 1083 (1926). Here, not only did defendants fail to object to plaintiff's evidence, but they put on their own evidence of the oral agreement. Such evidence amounts to an amendment of defendants' pleadings. *Smith v. Heisserer*, 609 S.W.2d 485 (Mo.App.1980); Rule 55.33(b), V.A.M.R. We find that defendants waived the statute of frauds. Further, where one party to an agreement completes performance, the contract is taken out of the statute of frauds. *Burk v. Walton*, 337 Mo. 781, 86 S.W.2d 92 (1935); *Trimmer v. Short*, 492 S.W.2d 179 (Mo.App.1973). Defendant Art Webb admitted, albeit grudgingly, the house was livable when plaintiff and Susan Sago first moved in.[3]

1. Defendant Art Webb testified:
"Q. Would you describe the terms of that agreement as you recall it?
A. ... And, I told him if they wanted to finish the thing they could have it to rent for two years.
Q. And, was that then the essence of your agreement that if he wanted to finish it, he could live in it?
A. Uh-huh.
Q. Did you tell him what you meant by finishing it?
A. No. It wasn't really discussed, I mean, that much.
Q. So, you assumed that by finishing it he would make it a place that would be fit to live in?
A. Yes, ma'am."
In his brief, plaintiff states:
"By the terms of the original oral contract of Appellants and Respondent, Respondent and his wife were to be entitled to occupy Appellants' property rent-free for a period of two years in return for Respondent furnishing the materials and labor necessary to make the structure inhabitable. Respondent does not contend otherwise."

2. It is well settled that a contract may be modified with the assent of the parties [*Rimer v. Hubbert*, 439 S.W.2d 5 (Mo.App.1969); 17A C.J.S. Contracts § 373 (1963)]; however, to be effective the modification must possess all the elements necessary to form a contract. *Smith v. Githens*, 271 S.W.2d 374 (Mo.App.1954). Conflicting testimony leaves the question of modification open.

3. Q. Did you see the inside of the building around the time they moved in?
A. Sure.
Q. Did it—Was it livable at that time?
A. I've lived in a lot worse.

An action on an implied promise will not lie where there is a valid express promise. *Krupnick and Associates, Inc. v. Hellmich*, 378 S.W.2d 562 (Mo.1964). However, upon a failure of performance on the express promise the promisee may either sue on the contract or waive the contract and sue in quantum meruit. *Humfeld v. Langkop*, 591 S.W.2d 251 (Mo.App.1979). However, "... as a general rule, and in absence of an anticipatory breach, no cause of action arises until the time for performance has expired." 17 Am.Jur.2d Contracts § 445 (1964) (footnotes omitted); *Davis v. Laclede Gas Co.*, 603 S.W.2d 554 (Mo. banc 1980).

An obligation undertaken by two is presumably joint [*Don L. Tullis & Associates, Inc. v. Gover*, 577 S.W.2d 891 (Mo.App. 1979)], however the intention of the parties is controlling. *Id.* Here, with only one house available to a married couple, the intent that they be joint obligees is clear.[4] Whether there has been a breach, a question not addressed by the trial court, is an issue that must be resolved in light of the joint nature of the agreement because a discharge of an obligation to one of joint obligees discharges the obligation as to all. *Henry v. Mount Pleasant Twp.*, 70 Mo. 500 (1879); Williston on Contracts 3d Ed. § 343 (1959).

A long line of cases, beginning with *Clark v. Cable*, 21 Mo. 223 (1855), stand for the proposition that when an obligation has been executed to two jointly they must both sue upon it. " 'This rule is not affected by the fact that some of such obligees have no real beneficial interest in the recovery, and it applies even though some of them never executed or assented to the contract and in fact expressly disclaimed it.' " *Ellis v. Springfield-Southwestern Railway Co.*, 130 Mo.App. 221, 225, 109 S.W. 74 (1908). This is not merely a rule of procedure but a part of contract law. *Cul-*

*ver v. Smith*, 82 Mo.App. 390 (1900). Further, this rule is not affected by § 431.110 RSMo 1978 which states: "All contracts which, by the common law, are joint only, shall be construed to be joint and several." *Elmer v. Copeland*, 141 S.W.2d 160 (Mo. App.1940), *cert. quashed*, 347 Mo. 237, 146 S.W.2d 889 (1941).

Plaintiff's failure to join Susan Sago as a party results in a failure to state a cause of action. The judgment is reversed and the cause remanded with leave to add Susan Sago as a party and amend the petition.

MAUS, C. J., PREWITT, P. J., and HOGAN, J., concur.

---

4. Plaintiff testified: "they asked *us* if *we* would go into this agreement with them; remodel the house." (emphasis added).

Upon further questioning, plaintiff testified:
Q. All right. When you made arrangements, the original contract with the Webbs,—

A. Yes.
Q. —the idea was that the two of you together were going to live in the single rent house that the Webbs had in exchange for fixing it up to livable conditions?
A. Yes; the original agreement.